[Broome *v.* Hurst.]


# John Broome *against* Timothy Hurst.

Special bail may take up principal when attending court, or at any time he pleases.

MR. INGERSOLL moved that the defendant should be discharged from custody. He had attended this court as a suitor, in an ejectment brought by him against Christiana Somerville, and on the trial had suffered a nonsuit. On the morning following, he was taken by his special bail in this cause, as he was setting off in the stage, on his return to New York. The Circuit Court of the United States for this district, had determined in this very case, at their last sessions in October 1804, upon a full consideration of all the authorities, that a suitor *while attending his cause in court, would not be legally taken upon a *ca. sa.?* * He trusted that this court would be governed by the same liberal principle.    [*124

This motion was opposed by Mr. Hollowell, of counsel with the special bail.

* I am indebted to John Wallace, Esq. for the following note of Broome *v.* Hurst, as determined by Judges WASHINGTON and PETERS, in October sessions 1804.

Timothy Hurst, while attending as a suitor in one cause, and a witness in another, was arrested upon a *ca. sa.* issued from the Supreme Court of Pennsylvania.

Mr. Ingersoll now moved for his discharge, and contended that the exemption of parties, witnesses and jurors from arrest, extended to judicial as well as mesne process. The reason of the privilege shews its extent. It is a privilege given to all courts of protecting parties, witnesses and jurors, that justice may not be defeated, or the proceedings of the court obstructed. It is necessary therefore, that it extend to judicial, as well as to mesne process. The privilege of members of parliament, of ambassadors' servants, of members of the king's family, of attornies, of jurors, of witnesses, &c., are all analogous, and founded on a similar reason. He cited the following authorities : An attorney arrested on a *ca. sa.* while attending the execution of a writ of inquiry, was discharged. Barnes's Notes 200, new ed. Privilege of parliament extends to executions. 5 Bac. Abr. 631, 637, new ed. A member of the king's family discharged from a *ca. sa.* 6 T. R. 686. Ambassador's servant discharged from arrest on execution under stat. 7 Anne c. 12. which is but declaratory of the common law. 2 Lord Raym. 1524. 2 Stra. 797. The privilege extends to cases of execution. Dyer 60, new ed.

In the books the rule is laid down generally, that suitors, witnesses, &c., are privileged from arrest *eundo et redeundo.* Now the word arrest, in strict legal language, applies to taking on execution, as well as on mesne process, though in common parlance we may generally confine it to the latter.

It is true, it was decided otherwise in the case of Starret. 1 Dall. 356. . But that was at Nisi Prius, and without much argument, and appears to have been ruled on the authority of Wood's Inst. 576. But Wood, though he lays down the law to be so, cites 3 Inst. 341. 1 Lev. 159, and 1 Vent. 11, neither of which books support the distinction of the privilege extending to mesne and not to judicial process. The law in Pennsylvania has never been considered as settled by Starret's case, and the opinion of many of the bar has been the other way. 3 Dall. 479.

Mr. Rawle for the plaintiff *e contra,* cited Starret's case, 1 Dall. 356. Wood's Inst. 576. Bro. Privilege, pl. 159. 5 Com. Dig. 89, new ed. See also Comy. 411. 3 Salk. 46. 2 Tri. *per pais* 382. Crompt. Just. 162, *b* 181, *a* Dig. of adjudged cases 110. 1 Bulst. 85.

BY THE COURT. It is clear from the cases cited, that the applicant was privileged from arrest by virtue of the *ca. sa.*, and that it is our duty to discharge him, that the proceedings of this court may not be impeded, or justice defeated.

[Respublica v. Davison.]

It is yet uncertain how far this court will accede to the principle adopted by the Circuit Court of the United States. But the two cases are widely different.

The law is clearly settled, that when a party is bailed, the bail have a right to go into the house of the principal, as much as he *has himself; they have a right to be constantly with him, and to enter when they please to take him.  2 H. Bla. 122.  The liberty of the principal depends on the permission and indulgence of the bail, who may take him up at any time, even on Sunday.  1 Atky. 239.  The same law is laid down by Lord KENYON in 5 Term Rep. 210.  Bail may take up a bankrupt going to his examination, or one going to a court of justice.  1 Sell. Pract. 170.

BY THE COURT.  There is an evident marked distinction between the arrests of ministerial officers, and the acts of the bail in taking up the principal.  It has been quaintly said, that the bail have their principal always upon a string, and may pull the string whenever they please, and render him in their own discharge.  6. Mod. 231.

Motion denied.