## DAY v. TOWNSEND.

1. **Contract:** ILLEGAL: CODE, § 4172: COMPENSATION TO OFFICER FOR RECOVERING FUGITIVE FROM JUSTICE. Defendant had signed the appeal bond of one who had been convicted of a felony, and who, pending the appeal, fled to the state of Kansas. Defendant then, in order to secure the fugitive and surrender him in his own exoneration, agreed to pay to plaintiff, who was the deputy sheriff of the county, a reasonable compensation for securing and returning him. Defendant, under a requisition from the governor of Iowa, proceeded to Kansas, and arrested and returned the fugitive, and delivered him to the sheriff of the proper county, and this action was brought to recover the reasonable compensation promised. *Held* that the contract was repugnant to § 4172 of the Code, which provides that officers shall recieve no other compensation for such services than that provided by § 4171; and that no recovery could be had. REED, J., not concurring.

<em>Appeal from Polk Circuit Court.</em>

THURSDAY, DECEMBER 23.

IN 1883, one Pates was convicted in the district court of Greene county of the crime of larceny, and sentenced to a term of imprisonment in the penitentiary. From that judgment he appealed to this court. He gave bail in the amount prescribed in the judgment, with the defendant, Caleb Townsend, as surety on his bond, and was released from custody. He subsequently fled from the state, and his appeal was not prosecuted. The defendant thereupon entered into a contract with plaintiff, who at the time was deputy sheriff of Greene county, by which he agreed to pay him the reasonable value of his services, if he would ascertain the where-

abouts of Pates, and secure his arrest and return to this state. Plaintiff instituted an inquiry, by which he ascertained that Pates was in the state of Kansas. The governor. of this state thereupon appointed him an agent to demand of the executive of Kansas the surrender of Pates as a fugitive from justice. He proceeded to Kansas and, by proper proceedings, secured the arrest and surrender of Pates, and he returned him to this state, and delivered him to the sheriff of Greene county. This action was brought for the enforcement of defendant's undertaking to pay plaintiff a reasonable compensation for his services in securing the return of Pates to this state. The verdict and judgment were for plaintiff. Defendant appealed.

*Mitchell, Dudley & Parry*, for appellant.

*Clinton L. Nourse*, for appellee.

REED, J.—The only question in the case is whether defendant's undertaking to pay for such services as plaintiff should render in procuring the arrest and return of Pates to this state is enforceable. Section 4171 of the Code prescribes the compensation which shall be paid an agent who is appointed by the governor to demand of the executive of another state or country the surrender of a fugitive from the justice of this state, and section 4172 provides as follows: "No compensation, fee, or reward of any kind, can be paid to, or received by, a public officer of this state for a service rendered, or expense incurred, in procuring from the governor the demand mentioned in the last section, or the surrender of the fugitive, or for conveying him to the state, or detaining him therein, except as provided by law."

Counsel for defendant contend that the contract sued on is in violation of this provision; also that it is contrary to public policy. A majority of this court are of the opinion that this position should be sustained. They think that, as Pates was a fugitive from the justice of this state, and as plaintiff

is a public officer, and the proceedings by which the return of Pates to the state was accomplished were taken under the statutes relating to fugitives from justice, he is forbidden by the section quoted above to accept any other compensation for his services than that provided by law, and hence the contract between the parties is illegal. I am not able to concur in that conclusion. If defendant had sustained the same relation towards the case against Pates which was occupied by the citizens of the state generally, and the contract had been entered into by the parties simply for the purpose of securing the return of Pates to the state, that the judgment might be enforced against him, I would concede that it could not be enforced. But he occupied an entirely different relation to the case. He was bail for Pates, and his object in seeking to secure his return to the state was to secure his own exoneration from liability on the bond. The law recognizes him as the jailor of Pates. He had the right, at any time before forfeiture of the undertaking, to take him into custody, and surrender him to the proper authorities, for his exoneration. Code, § 4593. He had the right, by virtue of that relation, to take him into his custody, even in another state, and bring him within the jurisdiction of this state, and surrender him to the proper authorities, (*Com. v. Brickett*, 8 Pick., 138; *Parker v. Bidwell*, 3 Conn., 84; *Rugles v. Corey*, Id., 421; *Johnson v. Tompkins*, Baldwin, 571 (578); *Broome v. Hurst*, 4 Yeates, 123; *Read v. Case*, 4 Conn., 166; *Nicolls v. Ingersoll*, 8 Johns., 145;) and he might lawfully depute to another the power to exercise his right in that respect. (*Nicolls v. Ingersoll, supra.*)

He had the right, therefore, to contract with another person for the purpose of effecting the return of Pates to the state. His contract with plaintiff was entered into for the purpose of securing a mere private right. He might contract with another person to do the thing he sought to have accomplished. The fact that the person with whom he contracted happened to be a public officer is immaterial; for the

duty which plaintiff undertook to perform was not a duty pertaining to his office. The contract, then, was lawful. It is one which the parties were competent to make, and the object sought to be obtained was a lawful object. The fact that plaintiff, in performing his undertaking, proceeded in the manner pointed out in the statute relating to fugitives from justice, does not, in my judgment, affect the question of defendant's liability; for the contract, being legal in its inception, it is not invalidated by the manner in which it was performed. Besides this, all the steps taken by plaintiff, under the provisions of the statute, were unnecessary. A requisition from the governor on the executive of Kansas was not essential to the exercise of the right to arrest Pates in that state and return him to this state; but the arrest might have been made upon a certified copy of the undertaking of the bail. Such certified copy of the bond, together with the written authority from defendant to plaintiff to make the arrest, would have been a sufficient warrant to the latter for doing all that was done by him in the premises.

In my opinion, the holding of the circuit court is right, but the majority think otherwise, and the judgment will be

REVERSED.