*C. Sheldon, J. Sargeant* and *P. Smith*, for the defendant.

---

## LYDIA MATHER *vs.* FRANKLIN CLARK, jr.

*Bennington, January, 1827.*

The confessions of a minor are competent evidence against him; but the jury should weigh it with reference to the age and understanding of the minor, and his capacity to judge of his rights.

In a prosecution under the bastardy acts, the mother of the child, being made a witness by statute, without any distinction as to the facts to which she may testify, is competent to testify to the confessions of the putative father.

The bond of recognizance, required by statute to be taken by a magistrate on a complaint for bastardy, is a bond upon which the principal may surrender himself in the county court, or be surrendered there in discharge of his bail; although, if he do not appear, the bail will be holden to answer the orders of the county court.

MOTION by the defendant for a new trial, founded on exceptions taken on the trial in the county court, and certified to this Court, in substance as follows: Complaint for bastardy. Plea, *not chargeable*, accompanied with a special notice, that on the trial of the aforesaid issue, the defendant would give in evidence the following special matter, to wit, that the said *Lydia*, on the 25th day of November, 1825, did, on oath, before O. C. *Merrill*, Esq. one of the justices of the peace within and for said county of Bennington, exhibit her complaint, thereby charging one *Peter Gulliver* with having on or about the 23d day of March, 1825, begotten a child upon the body of her the said *Lydia*, which is the same as set forth in her said complaint against the defendant, and no other.

On the trial of the cause, the complainant was sworn in due form and testified. The defendant then read in evidence the complaint referred to in his notice, and introduced other testimony of witnesses on the stand, tending to prove, that the complainant had, in the course the winter and spring of 1825, had illicit intercourse with other men than the defendant. And the complainant, on her part, introduced testimony of witnesses upon

27

*Bennington,*
January,
1827.

Mather
*vs.*
Clark.

the stand, tending to prove, that the witnesses, on the part of the defendant, were mistaken as to the time of such intercourse, and also tending to prove the confessions or acknowledgments of the defendant against himself. The confessions of the defendant were objected to, but admitted by the court. The complainant was called further to testify, that the complaint by her made and referred to in the defendant's notice, was made by the solicitation and persuasion of *Franklin Clark* and his wife, the father and mother of the defendant, with whom she resided at that time. To the admission of which the defendant objected, but the objection was overruled. The complainant also offered in evidence, a letter, signed *B. F. Clark*, tending to implicate him, which she testified was delivered her by the defendant, which was objected to, but admitted by the court.

The defendant then offered as a witness in his behalf, *Franklin Clark*, his father, guardian and master, (the defendant being a minor) he having given bonds for the defendant before the magistrate; and application was therefore made to surrender the defendant in court, and that said bond should be discharged; which testimony was rejected by the court, and the said application was referred.

The cause was argued by *Kellogg* for the defendant, and by *Hall* and *Church* for the complainant.

HUTCHINSON, J. delivered the following opinion of the Court.

This was a trial on a charge of bastardy, in which the jury returned a verdict, that the defendant was chargeable. The cause comes up on exceptions taken at the trial, and upon those exceptions three questions are raised.

The first is, whether the court correctly admitted proof of the defendant's confessions against his interest, he being a minor? This decision is considered correct. The law presents no exception in favour of minors in this respect. This question was presented to this Court in this county a year ago, in the cause of *Wilcox* vs. *Sheldon*. The verdict in that case, must have resulted chiefly from such testimony, yet it was permitted to stand. Such testimony should be weighed by the jury in reference to the age and understanding of the minor, and his capacity to judge of his rights. And so they are usually directed by courts, but the testimony is admissible, like the confessions of adults.

The second question is, was it proper to admit the plaintiff, the mother of the bastard child, to testify to these confessions? There appears no valid objection to this. The statute has made her a witness, without any distinction about the facts to which she may testify.

The third question is attended with more difficulty and importance, and, as far as is now recollected, it is entirely a new question. The decision at the jury trial should be as it was, unless time were taken for consideration, till all doubts were removed; for a decision the other way, resulting in an exoneretur upon the recognizance, should only be made with assurance of its correctness.

*Bennington,
January,
1827.*

Mather
*vs.*
Clark.

It appears, that the father of the defendant was recognized before the justice, for the appearance of the defendant at the county court, and for whatever else was contained in the recognizance, it being in the form prescribed in the statute, which see, page 366. The condition required by law, is, "that he personally appear before the county court, &c. and abide and perform such order or orders as said court shall make in the premises." This is similar to the form of a recognizance in case of an appeal in criminal prosecutions. (*See Stat. p.* 58 and 125.) This is not the form required in appeals in civil suits, but more resembles the bail for appearance in civil suits. These prosecutions for bastardy are regulated by the statute, and are in form like criminal prosecutions, but for every purpose, are in substance, civil suits, to compel the putative father to support the child. It is observable, that the requisitions of the statute are, that unless the defendant procures such a recognizance, he is to be committed to prison, to await his trial; but may be thence liberated by a judge of the county court, taking a similar recognizance. Further, one order, to be made by the county court, is, that the defendant shall enter into a recognizance, with sufficient surety, that the orders for the payment of the sums awarded shall be performed; and, when this recognizance is entered into, the one taken before the justice is to be null and void. The real question then is, whether this recognizance, taken before the justice, shall be deemed as a security for appearance at the county court, and can be discharged by his appearance, or whether the recognizors are also holden, that he shall give the new recognizance ordered by the county court?

We know, that if he does not appear, the consequences to this extent will follow. But, if he does appear in discharge of his recognizance, will that absolve his first bail?

No authorities are produced, nor do I find any, that afford much light upon the subject. In England and New-York, no bail is required or entered, till a decision of the magistrates; then, on an appeal to the sessions, a recognizance is taken. But, by our statute, the defendant can have no hearing, and make no defence, till he comes to the county court. This ceremony of complaint, warrant and recognizance are merely to get him before the county court, where he may make his defence. If the statute necessarily required the construction, that the defendant must be in prison for weeks and months, as the case might happen, before he has any opportunity to make his defence, unless he will procure bail, not only for his appearance, but for his performing the orders of the county court, I should consider it wholly unconstitutional. Treating it as a bond for appearance, all parts of the statute harmonize together. If the defendant does not appear in discharge of his bail, they are holden, on the breach of their recognizance, for whatever payments might be charged upon the defendant, in case he did appear. If he does appear, and is delivered up in discharge of his bail, he is holden in custody till he pays what is ordered, or until he enters

*Bennington,*
*January,*
*1827.*

Mather
*vs.*
Clark.

into such a recognizance as shall be ordered by the court. Such is the view entertained by the Court. The bail had a right to deliver the principal into court and be no longer holden as his bail, and the principal had a right to surrender himself in discharge of his bail, that he might become a competent witness for the defendant.

As this was refused at the trial, and the defendant was thereby deprived of the testimony of the person who was bail,

A new trial is granted, and the cause transmitted to the county court for such new trial.

SKINNER, Ch. J. who presided at the trial in the county court, observed, that he was much perplexed with this question on the trial, and was anxious to find what had been the practice in other governments. This desire he was then unable to gratify. He concluded his remarks, by concurring in the opinion here expressed.

*Hiland Hall, S. H. Blackmer* and *D. Robinson, jr.* for the complainant.

*Henry Kellogg* and *Daniel Church*, for the defendant.