CALEDONIA,
March,
1835.
———

MARY GRAY vs. FULSOME and FELLOWS.

A prosecution for bastardy is in effect but a civil suit, though conducted under some of the forms of a criminal proceeding.

When the defendant in such prosecution is surrendered in court by his bail, the recognizance of the bail is thereby discharged. Such surrender should be pleaded as matter of discharge, and not of performance; but if pleaded by way of performance, and no objection taken by special demurrer, the court will give it its legal effect as a discharge.

A plea in discharge of the cause of action needs only to allege those facts which constitute the discharge.

Debt on recognizance. One Jefferson Leavitt being brought before a justice of the peace, to answer a complaint of the plaintiff for bastardy, these defendants became recognized for his appearance before the county court in that prosecution. The recognizance was conditioned in due form, as directed by statute. Leavitt was ultimately adjudged chargeable, and ordered to pay a certain sum by instalments, with the costs of prosecution.

To the present action the defendants pleaded in bar as follows:

In this cause the defendants come and defend the wrong and injury where, &c., and say the plaintiff ought to be barred from having and maintaining her said action thereof against them, because they say that at the county court began and holden at Danville within and for the county of Caledonia, on the first Tuesday in December 1833, in open court before the judges of said court, and by their leave and permission, and upon the motion of these defendants, they surrendered the body of the said Jefferson Leavitt. And the said court then and there did order and direct that the said Jefferson should be received by the sheriff of said county of Caledonia, and detained in the common jail in Danville aforesaid, until discharged by the course of law. And so the defendants say they have fully kept and performed the conditions of their said recognizance, and this they are ready to verify. Wherefore they pray judgment, and that the plaintiff may be barred as aforesaid, and for costs.

The plaintiff demurred to the plea, assigning the following special causes of demurrer:—

1. The defendants' say they surrendered the body of said Jefferson, but do not say upon what, or that it was in pursuance of their bond of recognizance, and in performance thereof.

2. The defendants plea is argumentative and uncertain.

3. The defendants do not show how, or in what manner, they performed each and every condition of said bond. Nor do they aver that they performed each and all the conditions of the same. In this, (viz.) they do not aver that the said Jefferson did not only appear before said court, but that he did abide and perform such order or orders as said court made in the premises; nor how and in what manner said Jefferson did abide and perform the same.

4. That said plea is but an answer to a portion of said declaration, neither denying nor admitting that said Jefferson did abide and perform the order or orders said court made in the premises ; or that said Jefferson has paid the cost taxed in said suit, or the first instalment fallen due, or that said Jefferson has given recognizance with sureties to the plaintiff, as by said court directed as set forth in plaintiff's declaration.

*Fletcher and Swett in support of the demurrer.*—1. A plea bar must be certain to a common intent.—1 Chit. 237, 513.

This plea is uncertain, doubtful, and ambiguous. The defendants say that at the December term of Caledonia county court in 1833, they surrendered the body of Jefferson Leavitt ; but do not

CALEDONIA,
*March,*
1835.
Gray
vs.
Fulsome and
Fellows.

CALEDONIA,
*March,*
1835.

Gray
*vs.*
Fulsome and
Fellows.

show how they became holden to surrender Leavitt, or that they were in any manner holden, nor in what cause they surrendered him, nor for what reason the court ordered him detained.

2. A plea in bar must confess the facts pleaded to if in avoidance, or it is not a justification.—1 Chit. 511.—2 Salk. 637.

In this plea the defendants confess nothing. It admits no recognizance, nor does it show for what purpose, or in discharge of what duty, or what liability they surrendered Leavitt in court. Had the defendants been bail by endorsing any writ returned to court— had they recognized for his appearance in any felony, he might have been charged with the writ and recognizance would have met this plea as well as the recognizance in this case.

The plea ought to have confessed the allegations in the declaration it intended to meet—shewn before what authority it recognized—what were the conditions of the recognizance—that in pursuance to said conditions they made the motion in court, obtained the order, and they rendered the body of said Leavitt.

The undertaking of the defendants was a matter of record. The plea should have shown the recognizance and the conditions; it should have stated specifically the performance, that the court might have seen if defendants were legally liable, for what they were liable, and if they had discharged their liability according to their undertaking.

3. The plea in bar is argumentative. It alleges that defendants and court did contain things, and then avers, " and so the defendants say that they have kept and performed the conditions of their recognizance." This is not a direct averment that defendants have kept and performed the conditions of the recognizance. It is not an averment of facts, but of law. Had a traverse been taken upon this averment, it would have been an immaterial issue.

4. If the defendants made application to the court, as by the plea in bar stated, and the court made the order, and they surrendered Leavitt in pursuance of it, and the sheriff took him into custody, it was matter of record, and defendants ought to have plead it and made proffert of the record. This they have not done.

5. The plea undertakes to answer the whole declaration in its commencement, but only answers a portion of it in fact.

There are two branches or conditions of the recognizance set up in the declaration, viz.

1. That the principal personally appear.

2. That he abide and perform the order of court.

The plea only shows that Leavitt appeared at court, but is silent

as to his abiding and performing the orders of court, made in the premises. It then meets but a portion of the declaration.

CALEDONIA,
March,
1835.

Gray
vs
Fulsome and
Fellows.

6. But the most prominent and most fatal defect in the plea is, that it does not show before what authority the defendants became recognized, that the court might see that there was a legal duty or liability imposed upon them. That it does not show the character or conditions of the recognizance, that the court might have seen the extent of defendants liability. But this plea is so extraordinary vague and loose, the court can give no judgment on it. They cannot tell what recognizance it refers to, nor whether all the conditions of any recognizance have been performed.

*Bell and Cushman contra.*—1. Defendants contend that by the condition of the recognizance, they are responsible only for the *personal appearance* of Leavitt, and are not holden for the payment of the sums adjudged against him.

They stand as *bail merely*, and if they surrender him up, and he is by the court ordered into the custody of the sheriff, defendants are not liable.

If Leavitt is surrendered, other provision is made by statute to enforce obedience to the order of court.—Stat. p. 367.

As to the first cause of special demurrer defendants say that the plea is an answer to the claims set up in, and refers to, *the declaration*, and shows that Leavitt was surrendered by the defendants in discharge of their said recognizance.

It shows and sets forth the manner and means by which defendants *kept* and *performed* the condition of said recognizance, *by surrendering up the said Leavitt.*

The third and fourth causes of special demurrer are founded on the position—That although the persons recognized under the 1st section of the act, do surrender up the body of the principal, they are nevertheless further liable that he shall pay the sums adjudged against him.

This position is untenable.

The opinion of the court was delivered by

ROYCE, J.—This case comes before us on special demurrer to the defendants plea in bar. The declaration is in common form on a recognizance entered into by these defendants, for the appearance of Jefferson Leavitt to answer a prosecution by the plaintiff for bastardy. It gives a history of that prosecution, including the order of filiation, and negates a performance of the condition of the recognizance by Leavitt, as well in reference to that order, as in

CALEDONIA,
March,
1835.

Gray
vs.
Fulsome and
Fellows.

other particulars. The defendants pleaded a surrender of Leavitt in court, pending the prosecution.

A prosecution for bastardy is in effect but a civil suit, though conducted under some of the forms of a criminal proceeding. Its object is wholly pecuniary, and bail for the costs of prosecution is required, as in ordinary suits between individuals. The bail on the part of the defendant may surrender him in court, in discharge of their recognizance; other bail may be substituted; and those who have been thus discharged are rendered competent as witnesses. All this was decided in *Mather* vs. *Clark*, 2 Aik. 209, and is well settled. That decision has established the analogy between this species of bail and that on mesne process in civil suits, and bail for appearance in criminal cases; the bail having a right in all these cases to surrender their principal into court, in discharge of themselves. It follows that a proper surrender of the principal by his bail has the effect wholly to discharge their recognizance; and hence the position of the plaintiff's counsel, that the recognizance must still remain in force, to insure a compliance with the order of filiation, cannot be supported. The subject matter of the present plea is therefore sufficient, and it only remains to consider the alleged defects in the manner of setting it forth.

It is said the plea does not allege, on what the surrender of Leavett was made, or that the defendants surrendered him in performance of their recognizance. This objection is in part misconceived, since the plea does allege, that by making the surrender the defendants "have fully kept and performed the condition of their recognizance. As the surrender of Leavitt in court was not an act stipulated for in the recognizance, it should have been pleaded as matter of discharge, and not of performance. But as this is a defect of form merely, and not insisted on by the demurrer, we are at liberty to give the facts pleaded their legal operation. In answer to the other ground of this objection, we think it is to be intended that the surrender was made in the suit for bastardy, and consequently that the purpose and effect of the surrender were inferences, sufficiently manifest without any express averment.

It is also said that the plea is argumentative, but we discover no sufficient ground for this objection.

The remaining objections would be well founded, were this a plea of performance, as they appear to suppose. But this is wholly to mistake the character of the plea. Being no other than a plea in discharge of the recognizance, it is properly confined to the allegation of those facts which constitute the discharge.

Judgment of the county court affirmed.