WASHINGTON,
*March,*
1843.

Simmons
*v.*
Adams &
Parmalee.

FANNY SIMMONS *v.* JOHN ADAMS and LUCIUS PARMALEE.

The recognizance, taken by a justice in the proceedings under the bastardy act, conditioned, " that the principal shall abide such order or orders as the county court shall make in the premises," is holden as a security for the performance of the order until a new recognizance shall have been entered into, unless discharged by a surrender of the principal.

DEBT, on a recognizance to the plaintiff, in the penal sum of three hundred dollars, entered into by the defendant, Adams, as principal and the defendant Parmalee, as surety, on the 22d day of February, 1841, before Elymas S. Newcomb, a justice of the peace in and for the county of Washington, the condition of which is as follows :—

" The condition of the above recognizance is such, that
' whereas Fanny Simmons, a single woman, did, on the 22d
' day of February, 1841, in writing, and on oath, before said
' justice, charge the said John Adams with having begotten
' a child upon the body of her, the said Fanny Simmons, on
' or about the first day of November, A. D. 1839, at Wa-
' terbury, in said county, and with being the father of said
' child ; and that said child was born on the 25th day of Ju-
' ly, A. D. 1840, and was then, and still is, a bastard, and
' that said child is now alive :

' Now, therefore, if he, the said John Adams, shall person-
' ally appear before the county court, next to be holden at
' Montpelier, within and for the county of Washington, on
' the second Tuesday of April, A. D. 1841, and abide such
' order as the said court shall make in the premises, then
' this recognizance to be void, otherwise of force."

And the plaintiff averred, among other things, that such proceedings were had upon her complaint against the said Adams, that, at the November term of Washington county court, 1841, the said court did adjudge that the said Adams was the father of said bastard child, and ordered that the said Adams pay to the plaintiff the sum of one hundred and fifty dollars towards the support of said child, and the costs of prosecution, taxed and allowed at $34.84 ; fifty dollars thereof, and the costs aforesaid, to be paid in sixty days from the rising of said court, and fifty dollars annually thereafter in quarterly instalments, as by the records of said

WASHINGTON,
*March,*
1843.

Simmons
*v.*
Adams &
Parmalee.

court would more fully appear, and that, although sixty days from the rising of said court had long since elapsed, the said Adams had not paid said first mentioned sum of fifty dollars, and said costs, though often requested, whereby said recognizance had become forfeit, &c.

The defendants pleaded *nul tiel record,* on which issue was joined to the court, and a special plea *in bar, in sub*stance, as follows :—

" That the said Adams, according to the true intent and
' meaning of said supposed recognizance and the condition
' thereto attached, did at the term of Washington county
' court holden at Montpelier, within and for the county of
' Washington, on the second Tuesday of April, A. D. 1841,
' appear in person before said court, and then and there,
' answered to said cause, when the same was continued to
' the then next term of said court to be holden at said
' Montpelier, within and for said county, at which time the
' said *Adams* again appeared *in person* before said court,
' and made answer to the complaint of the said Fanny Sim-
' mons, when such proceedings were had in said matter that
' the jury, empannelled to try the issue between the parties
' thereto, returned a verdict of guilty against said Adams,
' whereupon the order in the plaintiff's declaration mention-
' ed was then and there made by said court, and that the
' said Adams was then and there during the time of such
' proceedings, in attendance upon said court, subject to any
' order the court should make in the premises and ready and
' willing to abide any such order of said court in the premises,
' and that the said Adams has ever since resided and still
' resides in Waterbury, in said Washington county, all
' which the defendants are ready to verify," &c.

Replication to the second plea. " That during the term
' of the court in which said orders, in plaintiff's declaration
' mentioned, were made against the said Adams, he did not
' enter into any recognizance before said court with sureties,
' to the plaintiff, the mother of said child, with conditions,
' agreeably to the provisions of the *eighth* section of chapter
' 67 of the Revised Statutes, nor was he, for his neglect and
' refusal so to do, committed to the common jail in said county
' of Washington, agreeably to the provisions of the *ninth*

Washington,
March,
1843.

Simmons
v.
Adams &
Parmalee.

' section of said chapter of the Revised Statutes," conclu-
ding with a verification.

Rejoinder.—" That said Adams was not required to enter
' any such recognizance as stated in the plaintiff's replica-
' tion, nor was he committed to jail; but he was then and
' there ready, in said court, to enter and procure such re-
' cognizance as said court should order and direct, agreeably
' to the statute," &c.

To this rejoinder there was a demurrer and joinder.

The county court rendered judgment for the plaintiff, on
both issues, and the defendants excepted to the decision.

*R. C. Smith* and *L. B. Peck*, for defendant.

The condition of the recognizance was saved by the appear-
ance of the principal. The undertaking of the defendants
was not that Adams should pay such sums as the court might
order, but that he should appear and take his trial and be in
court subject to the further order of the court. The 8th sec.
chap. 67, p. 349, R. S., contemplates that if the principal is
found chargeable, he shall enter into *another* recognizance
conditioned for the *payment* of such sums as may be decreed
to be paid.

The 9th section provides the remedy for his neglect to
procure such recognizance by a committal to jail. The 8th
section, it is true, declares that on his entering into this recog-
zance, the one before the justice shall be discharged. Such
would necessarily be the result without this enactment. But,
suppose he neglects to comply with the order, and is commit-
ted for such neglect, is it not clear that the first recognizance
is thereby discharged ? Such must be the effect of the com-
mitment, for it will hardly be contended that the plaintiff
could hold the party in prison on the warrant, and also hold
him liable on the recognizance.

This view of the case tends strongly to show that it is no
part of the condition of the recognizance before the justice,
that the sums awarded by the court shall be paid, as in that
case the commitment would not discharge the condition. If
the recognizance is to have the effect claimed by the plaintiff,
the 8th and 9th sections of the act were entirely unnecessary.

Though the precise point now in judgment has not been
decided, the decisions of this court, so far as they have gone,

WASHINGTON, favor the construction put upon the act by the defendant.
March, *Mather* v. *Clark*, 2 Aik. 209; *Gray* v. *Fulsome et al.* 7 Vt.
1843. R. 452; *Jerdan* v. *Lovejoy*, 20 Pick. R. 86.

Simmons
*v.*
Adams &      *P. Dillingham*, for plaintiff.
Parmalee.
    The pleadings, in this case, present no facts that discharge
the recognizance taken by the justice, and on which this suit is
founded.   This is settled beyond controversy, unless the
Revised Statutes, on this subject, are substantially different
from the act of 1822.  The condition of the recognizance,
under the old staute was, that defendant personally appear
&c., " and abide and perform such order or orders as such
court shall make in the premises " and in the Revised
Statutes it is, that he personally appear, &c. "and abide the
order of the court thereon."  These provisions are substan-
tially the same.  By the old statute, the court made orders
for the support of the child, taxed cost &c., and were em-
powered to order that defendant, during the term, should enter
into recognizance to perform the order of court, and that,
upon entering into such recognizance, the one taken before
the magistrate should be void.  The new statute provides for
the same power of making orders for support, and, by the 8th
section, provides for defendant's entering into a recognizance
to perform such orders, and, on that being done, provides that
the recognizance, entered into before the justice, shall be null
and void.
    It would seem that nothing short of a new recognizance,
under either statute, would discharge the one taken before
the justice.  By sec. 9, R. S., it is provided that if defend-
ant neglect or refuse to enter into a recognizance, he may be
committed to jail ; by the old statute, if he neglected or
refused to enter into such recognizance, being in custody,
he should be committed, &c.  Neither statute provides how
the father shall be taken into custody.  I think it must, under
either act, be by surrender, by the bail, or the principal him-
self. *Mather* v. *Clark* 2 Aik. 209 ; *Gray* v. *Fulsome & Fel-
lows*, 7 Vt. R. 452.
    The power of taking into, or being in custody, seems the
same under both acts.  If the mother is satisfied with the
original bail, and the surety is content to remain such, and
does not surrender the principal, the recognizance should not

become void, only on the condition of the father's coming voluntarily into court and entering into a new recognizance.

The opinion of the court was delivered by

BENNETT, J.—It is claimed, in this case, that, by the principal's appearing in the county court and taking a trial, the recognizance was discharged, although he was found guilty, and adjudged the putative father of the child and charged with its support. The condition is, that the principal shall appear, &c., and "abide such order or orders as the said court shall make in the premises." Though the principal might surrender himself in discharge of bail, or be surrendered by the bail, yet, in such event, he would be ordered into custody, and the recognizance would then be discharged. As, in this case, there was no surrender, there was no right to order the principal into custody. Under the former statute, (Slade's Comp. 367) when it was determined that the person recognized was chargeable with the support of the child, the court made an order for that purpose, and, also, that the putative father, during the term, should, with sufficient surety, enter into a recognizance conditioned for the performance of such order. When this was done the original recognizance, by the terms of the statute, was discharged. This implied that, until a second recognizance had been entered into, the first remained in full force. The settled construction of this act has been, when there has been no surrender, to hold the original recognizance as a security that the principal shall perform the orders of the court in the premises, unless discharged by a new recognizance. But it is said, the Revised Statutes should receive a different construction. The 7th sec. provides, that when the defendant has been found guilty, he shall be adjudged by the court to be the father of such child, and shall stand charged with its support, with the assistance of the mother, in such manner and in such proportion as the court shall judge proper. It is then made the duty of such father, during the term, to enter into a recognizance, with sufficient surety, that he will abide and perform the orders of the court in the premises. Upon this being done, the statute provides that the recognizance, entered into before the justice, shall be null and void. In the old statute the court are to make an

Washington,
March,
1843.

Simmons
v.
Adams &
Parmalee.

order that the father enter into a recognizance, &c.   By the Revised Statutes, he is to enter into a recognizance without a special order to that effect.   There is no reason why the liability, under the old act, upon the first recognizance, should be greater than under the Revised Statutes. Indeed, as it is expressly made the duty of the father to enter into a second recognizance, upon which the first is discharged, without a special order, the case would seem, at least, to be as strong, if not stronger, against the defendants, than under the old statutes.

The result is, the judgment of the county court is affirmed.