## HARRIS MINER *v.* SOLOMON DOWNER, WORCESTER DOWNER AND HORACE DANA.

[Same Case, 19 Vt. 14.]

In this case the plaintiff brought his action against S. & W. Downer & Co. upon a promissory note, describing it as being the note of that firm, but alleging, in his declaration, that the note was by mistake signed Downer & Dana, though it ought to have been signed by the style of partnership of S. & W. Downer & Co., as the note was given for the benefit of the latter firm, and for property which went to their use. The note, when produced in evidence, purported to be signed "Downer & Dana." And it was held, that there was no variance between the declaration and the evidence.

And it was also held, that such declaration was not defective, on motion in arrest of judgment.

Where, in an action against several defendants, upon a promissory note, the only plea is the general issue, and the plaintiff offers in evidence, under that plea, the discharge in bankruptcy of one of the defendants, it is not competent for another of the defendants to object to the evidence. The rule, requiring such matters to be specially pleaded, is only intended to prevent surprise upon the plaintiff.

If one of several defendants be called as a witness in the case by the plaintiff, and be willing to testify, he is a competent witness, although his co-defendants may object to his being called.

Where one member of a firm purchased property for the benefit of the firm, and upon their credit, and afterwards, upon a settlement between the co-partners, assumed the debt himself, and a suit was then commenced against the firm to recover the debt, and the defendant who had thus assumed the debt was called as a witness on the part of the plaintiff, and was willing to testify, it was held, that he had no interest in behalf of the plaintiff, in the event of the suit, which would render him incompetent as a witness.

And the interest of such witness, in the suit, is not in any manner increased, or affected, by the fact, that he has received his discharge in bankruptcy subsequent to the time when he thus assumed the debt.

Where, in an action upon a promissory note against several defendants, the plaintiff, under the plea of the general issue, gives in evidence the discharge in bankruptcy of one of the defendants, with the assent of such defendant, the jury may return a verdict that that defendant did not assume and promise, &c., and a general verdict against the other defendants.

ASSUMPSIT. The plaintiff declared against the defendants, as formerly partners, doing business under the firm of S. & W. Downer & Co., in the following words;—" For that the said defendants, at ' said Sharon, on the 14th day of November, 1837, by their note (by ' mistake signed Downer & Dana, though it ought to have been ' signed by the style of partnership aforesaid, and was intended so to ' have been signed, as said note was given for the benefit of said ' company, and for property which went to the use of said company,) ' dated on the day and year last aforesaid, for value received prom- ' ised the plaintiff to pay him, or his order, sixty nine dollars on de- ' mand with interest." There was also a count for goods sold and delivered. Plea, the general issue, and trial by jury, May Term, 1847,—REDFIELD, J., presiding.

On trial the plaintiff offered in evidence a note in these words;— " Sharon, November 14, 1837. For value received we promise to ' pay Harris Miner, or order, sixty nine dollars, on demand, with ' interest. (Signed) Downer & Dana." It was admitted, that this note was executed by the defendant Dana, and that the property, for which it was given, was delivered by the plaintiff to Dana. The defendants objected to the admission of the note, on the ground of variance; but the objection was overruled by the court.

The plaintiff then offered as a witness the defendant Dana,—he being willing to testify; and his co-defendants objected to his admis- sion. Dana then produced his discharge in bankruptcy and deliv- ered it to the plaintiff, who offered it in evidence, as well upon the merits of the case, as in regard to the admissibility of the witness; and to the admission of this evidence the defendants objected; but the objection was overruled by the court. The court then admitted Dana as a witness; and he testified, that, at the time of the execu- tion of the note declared upon, and for some time previous, he was a partner with the two other defendants; that the property for which the note was given, and the purchase of which came within the scope of the partnership, was purchased by him on account of that firm, and upon their credit, and that it went to their use; that when he gave the note, he intended to bind that firm by it, and so inform ed the plaintiff at the time; and that the plaintiff expected the note of that firm. It farther appeared by the testimony of Dana, that on the 10th day of October, 1838, on a settlement between Dana and

the other defendants of the accounts of the firm of S. & W. Downer & Co., Dana was credited and paid for the property, for the purchase of which this note was given, as having been his property, purchased and paid for by himself, and afterwards sold and delivered to the firm. The defendants objected, that this rendered Dana incompetent, as a witness for the plaintiff,—but the objection was overruled. There was no other evidence, that the defendants S. & W. Downer were copartners with Dana, at the time of the execution of the note, except the testimony of Dana.

The court charged the jury, that, as the plaintiff had given in evidence the discharge of Dana upon the general issue, as well as on the question of his interest, and Dana, who was present, had made no objection, the court inferred it was by his consent; and that it was not competent for the other defendants to object to the course thus pursued by the plaintiff and Dana; and that the result would be, that the jury must render a verdict in favor of Dana, on the general issue, on the ground of his discharge in bankruptcy, and against the other defendants, if they believed all the facts, which the testimony above detailed tended to prove, and that the plaintiff was induced to take the note, in the form it was executed, supposing at the time that it was a partnership note,—whether this were by the mistake or fraud of Dana; and that the subsequent settlement between the copartners would not affect the rights of the plaintiff, or the interest of Dana in the event of the suit, after his discharge in bankruptcy was given in evidence, in the manner above stated.

The jury returned a verdict, that the defendants Solomon Downer and Worcester Downer did assume and promise, as alleged by the plaintiff, and that Dana did not so assume and promise. Exceptions by defendants.

The defendants then filed a motion in arrest of judgment, for the insufficiency of the declaration, and also upon the ground, that no judgment could be rendered against a part of the defendants only, when the defendants had jointly pleaded the general issue, and that plea only. But the court overruled this motion also; to which decision the defendants excepted.

All the objections and exceptions above detailed were taken by the defendants Solomon Downer and Worcester Downer only, and not by the defendant Dana.

*A. P. Hunton* for defendants.

1. The county court erred in admitting the note in evidence. The declaration shows, that it was not the note of the company; and if that part of the declaration relative to the mistake be rejected as surplusage, the note should not have been admitted,—for *the style* of the firm is stated in the writ, and the note, when produced, appears to have been executed by another firm.

2. The certificate of bankruptcy should not have been received. The plea was *non assumpsit,* and bankruptcy cannot be given in evidence under it; Collyer on Part. 443; but must be pleaded; 1 Chit. Pl. 514. The other defendants had an interest to have judgment against all, if against any of the defendants, and had a right to object to the evidence.

3. Dana should not have been admitted as a witness. We insist, that no case can be found, where a party has been examined as a witness, when objected to, unless he had a verdict in his favor, was defaulted, or out of the case in some way. But Dana was interested. At the time he was called, it was an admitted fact in the case, that the property, for which the note was given, was delivered to him; and there was no evidence, except his own, to show that the other defendants were liable at that time, or subsequently. And this was not varied by the discharge in bankruptcy having been given in evidence; for it could not have been then known, what verdict the jury would render in reference to him.

4. The court erred in instructing the jury, that it was the note of the firm, if the plaintiff so understood it, whether it were by the mistake or fraud of Dana, that it was executed in the form it was. *Faith* v. *Richmond et al.,* 39 E. C. L. 113.

5. The first count in the declaration is insufficient. It is on a note, which, as therein stated, should have been, but was not, the note of the firm. No action can be sustained on such a note;—and if there could be, the allegations are insufficient.

6. The verdict did not follow the pleadings. Judgment could not be given for one, and against the others. *Weall* v. *King et al.,* 12 East 452. 1 Saund. R. 207 *a,* n. 2. 1 Chit. Pl. 51, n. *l.*

*Tracy & Converse* for plaintiff.

1. The testimony of Dana was properly received. A party to a

suit may, by his own consent, be a witness, when called by the adverse party.   1 Taunt. 375.   1 Phil. Ev. 61.   3 Stark. Ev. 1061. *Johnson* v. *Blackman*, 11 Conn. 342.   *Woodruff* v. *Wescott*, 12 Conn. 134.   *Sargeant* v. *Sargeant et al.*, 18 Vt. 371.   The discharge in bankruptcy divested him of all interest in the suit;—but if not, he was called to testify against his interest.

2. It would be strange, if, under the circumstances of this case, it were true, that the defendants were not liable under either count in the declaration, even though the note were not subscribed in the name, which the firm ordinarily assumed.   But it is competent to show by parol, that the name subscribed to the note meant all the partners.   *Miner* v. *Downer et al.*, 19 Vt. 14.   *Trueman et al.* v. *Loder,* 39 E. C. L. 178.   The subsequent settlement among the partners cannot affect the rights of the plaintiff.

3. There was no importance in the discharge in bankruptcy being pleaded, unless the plaintiff objected to receiving the certificate for that reason.

4. There never was any doubt, but that, upon a plea of bankruptcy by one defendant, a verdict could be properly returned for him and against the other defendants, or the plaintiff could enter a *nol. pros.* as to him ; but it was formerly supposed in England, that the bankrupt must specially plead his discharge, and not join the other defendants in any plea to the action.   But as to an infant it was formerly held, that, if joined in a suit with other defendants, the plaintiff could not, upon a plea of *infancy,* enter a *nol. pros.* as to him, without discharging the other defendants, nor could a judgment be rendered for him, and against the others, but the plaintiff must commence a new suit, leaving out the infant; 1 Chit. Pl. 33; 3 Esp. R. 76 ; 12 East 89 ; 1 Wils. 89.   But the American cases have decided, that, upon a joint plea to the merits, and proof of the infancy of one of the defendants, a *nol. pros.* may be entered as to him, or a verdict and judgment pass for him, and against the other defendants.   *Hartness* v. *Thompson,* 5 Johns. 160.   *Woodward* v. *Marshall,* 22 Pick. 468.   *Allen* v. *Butler et al.,* 9 Vt. 122.   *Miner* v. *Bank of Alexandria,* 1 Pet. 76.   And there can be no objection to the application of this doctrine to bankrupts.   The true doctrine is, that matter, which goes to the personal discharge of one of several defendants, whether offered under a special plea, or, without

such plea, by consent of the plaintiff, will entitle the defendant to a judgment in his favor, but will not affect the right of the plaintiff to a judgment against the other defendants, although they all united in a plea to the merits; or the plaintiff, upon such evidence being offered, may enter a *nol. pros.* as to the one claiming his personal privilege, and take judgment against the others.

5. The declaration is sufficient. If what is redundant be struck out, it is a simple declaration on note.

The opinion of the court was delivered by

REDFIELD, J. It is claimed by the defendants, Solomon Downer and Worcester Downer, in this case, that there is a fatal variance between the note produced in evidence and the declaration. It does not seem to us, that there is any such variance. The declaration describes the note as signed "Downer & Dana" by mistake for *S. & W. Downer & Co.,* to whom the credit was given, and upon whose behalf the contract was executed, and to whose use the consideration went. The note, when produced, is signed "Downer & Dana." Whether this was intended to have been S. & W. Downer & Co., or not, is matter of evidence for the jury, and in regard to which there was no controversy, if the evidence were competent to go to the jury. There could therefore be no variance.

Whether this count in the declaration is defective, and so, there being a general verdict, judgment should be arrested, is a question arising upon the motion in arrest of judgment, and may properly be considered here. It seems to us, that, in a case like the one alleged, there must be some mode of recovering upon the note against the defendants really intended to be bound by it. Where a silent partner is discovered, it is every day's practice to sustain actions against him and the ostensible partner, upon bills and notes drawn in the name of the one who transacted the business, alleging such to be the name, in which the partners transacted the business of the co-partnership. Why it is different, in principle, when the name is varied from the true name, by mistake, or caprice, we cannot well comprehend. The present rule of law is, we apprehend, that, if one execute a bill, note, or other writing, by an assumed name, or an *alias dictus*, he may nevertheless be made liable upon the note, or the note may be wholly disregarded, if it be fatally defective, which

we think this is not, and so a recovery be had upon a count for the consideration, as in the present case. So that we think there is no defect in the declaration.

In regard to the competency of Dana to testify, under the circumstances, there is perhaps more ground of hesitation, because the question is novel, in the form in which it arises. But we perceive no objection to admitting the discharge in bankruptcy, even upon the general issue, when offered by the plaintiff. The rule of pleading, requiring such matters to be specially pleaded, is intended merely to prevent surprise, upon the part of the plaintiff, by having such defences unexpectedly presented. But if such a defence were offered, even by the defendant himself, upon the general issue, *and not objected to by the plaintiff*, it would be expected the court would receive it, and it would be their duty to do so, notwithstanding any objection on the part of a joint defendant.

In regard to the objection to the testimony of the witness, it is undoubtedly true, that he was, at the time he gave his testimony, a party to the suit. But we do not think this, of itself, any valid objection to the competency of a witness, if he be himself willing to testify. Nor do we think he can be excluded, upon the ground of objection being made by other joint defendants. No question would ever arise, in any such case, unless objection were made by some one. Such a case would never be brought to the consideration of the court, or reported, unless *some one* were objecting to the testimony. And all the cases reported in the English books, and they are numerous, where the parties to a suit have, under circumstances, been permitted to testify, must have arisen upon objections from some quarter. But these cases all suppose that the witness is himself consenting to give evidence. The *party* offering the testimony, whether consisting of one or more *persons*, is, in contemplation of law, a *unit*, an *abstraction*, and cannot, at the same instant, *do* a thing and *object* to it. The objection must of course come from some one having an interest, antagonist to that of the party calling the witness; and this will most commonly be some co-party. This subject is, perhaps, sufficiently explained, in *Sargeont v. Sargeant et al.*, 18 Vt. 371–378, 379. We think the fact, that the witness was, at the time of testifying, a party to the suit, and objected to by his co-defendants, was no sufficient objection to his testimony.

The only ground of serious doubt, in regard to this part of the case, seems to be in regard to the interest of the witness. It seems to us very doubtful, whether, upon the whole testimony, aside from the discharge in bankruptcy, the witness could be fairly said to have any preponderance of interest in favor of the plaintiff. He bought the goods for the partnership, and upon their credit, and they went into the concern, but, on the settlement of the concern, he assumed the debt. He would therefore be bound to indemnify the partnership against the debt and the cost, in case of a recovery against them,—they standing merely in the light of sureties. But if this suit be defeated, the witness only remains liable for the debt, and wholly escapes the cost of this suit, which falls upon the plaintiff.

It seems, therefore, to us, that Dana, upon the whole testimony, is interested, *so far as this suit is concerned,* in favor of the defendants.

This being the case, the discharge in bankruptcy could only remove all interest, or leave it where it is; or else, according to the decision of this court in *Wells* v. *Mace et al.*, 17 Vt. 503, it will exonerate the bankrupt from his original obligation to pay the debt himself, but leave him liable to indemnify his sureties, in case of payment by them. In either view, it does not seem to us, that the discharge in bankruptcy will tend in any sense to increase the interest of the witness in favor of the plaintiff's side of the case.

There does not seem to us to be any testimony in the case, tending to show, that Dana did not fully assent to the course pursued by the plaintiff, in putting in the discharge in bankruptcy, as well upon the merits of the case, as upon the question of the competency of the witness.

The judgment of the county court is therefore affirmed.