HOSEA HUMPHREY & WIFE v. CHARLES D. KASSON.

*Proceedings in a prosecution for Bastardy. Bail. Principal &*
*Surety. Scire facias. Liability of Bail.*

In a case of bastardy, the liability of the bail, on the recognizance taken before the magistrate, may be discharged by a surrender of the principal, at the term, when he is required to make his appearance.

But the mere attendance of the principal in court to defend the suit, is not sufficient to discharge the bail, there must be a formal surrender of the principal into the custody of the court, and an *exoneretur* entered upon the record in discharge of the bail.

And if no such surrender is made, or recognizance entered into at that term, of the court, the recognizance taken before the magistrate is forfeited, and stands as security for the payment of such sums of money, as may be ordered for the support of the child.

If the mother execute a release to the principal, neither he or his bail can avail themselves of it while the overseer legally controls the prosecution, under the statute, for the benefit of the town; but if the interest of the overseer have ceased, and the mother prosecutes the suit for her benefit, such release pleaded in bar, is a good defense as to her; and if the town are not entitled to the sums of money ordered to be paid, then she cannot claim it against her release.

SCIRE FACIAS on a recognizance entered into before a justice of the peace, in a prosecution for bastardy against one Johnson, conditioned that said Johnson should appear at the county court and perform the order of said court, &c.

The defendant pleaded three several pleas in bar; in the first and second he set forth that the principal was sick and wholly unable to appear, or be surrendered in discharge of his bail, at said court, and so continued during all said term of court, and from thence ever after up to the time of his death, continued in such a poor state of bodily health, that he could not at any time have been arrested and committed to jail, &c. In the third plea, defendant set forth, that after the begetting of said child, and while said plaintiff was sole and unmarried, that she wholly and absolutely released said Johnson from all damage and cause of action whatever, which might accrue, by reason of the begetting the child, &c. And that the sums of money and costs, which by the terms of the judgment were due and payable prior to ———— have been paid, &c., and that said town of Fayston, has been fully indemnified

for all expenses heretofore incurred, and that they are no longer subject or held to support said child, &c.

To these pleas in bar the plaintiffs demurred.

The County Court decided that the defendant's pleas in bar are insufficient, and rendered judgment for the plaintiffs.

Exceptions by defendant.

*G. F. Edmunds* for defendant.

1. It has long been well settled, that the liability of bail in cases of this kind is analogous in all respects to that of bail on *mesne* process, &c. *Mather* v. *Clark*, 2 Aik. 209. *Gray* v. *Fulsome et al.*, 7 Vt. 452.

2. The sickness of Johnson, at the time he was required to appear, so severe as to make it morally impossible to surrender him, (and especially when followed by his death of the same,) created a substantial excuse for not keeping the recognizance.

Johnson could not be surrendered without the hazard by the defendant of the guilt of homicide, nor could the court commit him without similar risk; and it would be absurd and inhuman to surrender under such circumstances, when it could be followed by no beneficial or useful consequences whatever. *Oatheast* v. *Cannon*, 1 J. C. 28. *Lofflin* v. *Fowler*, 18 J. R. 358.

3. The third plea shows the *bona fide* execution of the release for a valuable consideration; that the defendant was prevented from availing himself of it by the entry of the overseer, and that all right of the overseer to the money ordered to be paid is gone.

The single question then is, whether the plaintiffs can have the benefit of this state of things, to avoid the effect of this release as to themselves. We are not able to perceive any principle which will warrant such an outrage upon justice. It would be quite as absurd as to say that the overseer should be affected by the release. *Sherman* v. *Johnson*, 20 Vt. 567.

We concede the rule, that we cannot plead anything that could have been pleaded in the original action; but this could not be pleaded in that stage of the suit, as was decided, because it was in substance a suit by the town; but now the case is continued both in substance and form, by the individual for his own benefit, and we submit that she cannot have the benefit of the prosecution without letting in the defense to it, as to her.

XXVI    49

The substance of the·plaintiff's argument is that the release will not bar the past stage of the case, because the overseer controls it, and that it will not bar the proceeding by the plaintiffs because it should have been made at the past stage of the case, and therefore it can have no effect in any manner.

*Peck & Colby* for plaintiffs.

The bail in a recognizance taken by a magistrate upon a com-·plaint for bastardy, can only be exonerated from his liability for his principal by an actual surrender of the principal into the custody of the officers of the court, and this must be evidenced by an *exoneretur*, entered upon the record. *Blood* v. *Morrill*, 17 Vt. 598. *Simmons* v. *Adams et al.*, 15 Vt. 677.

And an appearance by attorney is no discharge of bail. *Ibid.*

The third plea sets up a defense, of which the defendant might and did avail himself before judgment, and the judgment is an estoppel.

No matter of defense can be pleaded to a *scire facias* on a record which existed anterior to the recovery of the judgment; and neither bail nor sureties can plead that judgment.was obtained against them by fraud. 1 Chitty's Pl. 426. Gould's Pl. 297 § 154. *Parkhurst* v. *Sumner*, 23 Vt. 538.

The opinion of the court was delivered by

ISHAM, J. The Comp. Stat. 423 § 3, provides, that a justice before whom a person is charged with being the father of an illegitmate child, shall require him to enter into a recognizance to such woman, with sufficient sureties, conditioned that he personally appear before the county court, and answer and abide the order of the court thereon. If the person charged is adjudged to be the father of the child, and the court order the payment of specific sums of money for its support, the father is required at the term of the court·when the orders are made, to enter into another recognizance to abide and perform the orders of the court. This recognizance is a discharge of the one before the magistrate. Comp. Stat. 424 § 8, 9.

The liability of the bail on the recognizance taken before the magistrate, may be discharged by a surrender of the principal, at the term, when he is required to make his appearance. *Simmons* v.

*Adams,* 15 Vt. 681. *Blood* v. *Morrill,* 17 Vt. 598. *Mather* v. *Clark,* 2 Aik. 209. But the mere attendance in court by the principal, to defend the suit, is not sufficient for that purpose, there must be a formal surrender of the principal *into the custody of the court, sedente curia,* and an *exoneretur* entered upon the record in discharge of the bail. If no such surrender is made, or recognizance entered into at that term of the court, the recognizance taken before the magistrate is forfeited, and it stands as security for the payment of such sums of money, as may be ordered for the support of the child.

In this case, as no such surrender was made, and no recognizance entered into as required by the statute, the defendant is liable on the recognizance taken before the magistrate, unless the matters pleaded in bar constitute a defense. We do not see, upon the authorities, how the two first pleas in bar can be sustained. The first plea goes to the whole action ; the second, to the sum ordered to be paid and due September 1, 1851 ; in each of which, the sickness of the principal is relied on, as an excuse for not making the surrender, or entering into the recognizance. In the case of *Wynn* v. *Petty,* 4 East 102, the same facts were relied upon, on an application for further time to make a surrender ; but the application was refused. The court remarked, " that they thought the " inconvenience ought rather to be borne by the bail who must be " fixed for not complying with their undertaking, than by the plain- " tiff who would, otherwise, be delayed of his right. That the " hardship of a particular case would not justify them in departing " from the established practice of the court, and where one party " must suffer by the act of God, they could not interfere." In *Goodwin* v. *Smith,* 4 N. H. 29, it was held, " not to be a good plea " in bar to a *scire facias* against bail, that the principal, on the " first day of the term, when judgment was rendered against him, " became sick, and so remained until after the return day of the " execution, so that he could not have been removed without man- " ifest danger to his life, and after the return day, died."

If the death of the principal had occurred before the liability of the bail had become fixed, an *exoneretur* would have been ordered, and perhaps the same rule would exist in other cases of legal impossibility, as in the case of a confinement of the principal in other person's hands under the custody of the law. 16 East 389. But

when the liability of the bail is fixed, the subsequent death of the principal, will not have the effect to discharge him.

We think, however, that the facts stated in the third plea, constitute a defense to this suit. There can be no doubt, that as between the mother of the child and Johnson, the release executed by her, before her marriage with Humphrey, will be a good defense to this suit, and will bar any further claim on him, arising out of that matter. *Sherman* v. *Johnson*, 20 Vt. 467. The release, however, will have no effect as against the town of Fayston, in which the mother had her settlement. When the overseer of that town filed the certificate of his intention to prosecute, control, and manage the suit, and to indemnify the mother from all future costs, the town became the party, and the only one, who could control the suit. The mother could no longer be recognized as such, until the town was indemnified, or security given for the support of the child, as provided for in § 14 and 22 of the act; in that event, the statute provides, that the powers granted to the overseer, shall cease. Comp. Stat. 425 § 14, and 426 § 22.

To avoid the operation of that certificate, and give effect to the release, it is averred in the plea, that all the sums of money and costs, which under the order and judgment of the court were to be paid prior to the 1st of September, 1850, were paid and discharged; that the town of Fayston, is no longer subject or held to support the child; that they have no interest in the remaining sums ordered to be paid, which remain unpaid; and that this suit is now prosecuted by Humphrey and wife for their sole use and benefit, and that they are the real parties in interest. No objections have been taken to the form of this averment; we are, therefore, to regard it as stating, that the town of Fayston, are secured or indemnified against the support of the child, and all previous costs and expenses paid. Under such circumstances, the overseer has no longer any control of the suit. His authority as such overseer in the management of that suit, has ceased. But as the proceedings were originally commenced by the mother, her right, to prosecute and control the same revived, when the right of the overseer ceased, and in her own right she would be entitled to receive the remaining sums ordered to be paid. But when she resumes the further prosecution of the matter, she does it, subject to every defense that exists between her, and the person charged as

father of the child. When the judgment was rendered, and the money ordered to be paid, the release which was given to the defendant could have no effect. Its existence and effect was not, and could not have been involved, in any issue formed between the town and the defendant. The defendant was prevented from availing himself of it, by the entry of the certificate of the overseer. But when his interest and right as overseer has ceased, and the mother is prosecuting the suit for her benefit, the release pleaded in bar, is a good defense as to her. If the town are not entitled to the sums of money ordered to be paid, the plaintiffs cannot claim the amount against their release.

The judgment of the County Court must be reversed, and the case remanded.