### CHARITY C. FREEMAN *v.* ORVIS BATCHELDER.

#### *Bastardy.*

In a prosecution for bastardy the respondent gave no other bond than the one given before the justice of the peace as required by section 3 of chapter 71 of the Compiled Statutes, and did not personally appear before the county court. The county court having ordered the payment by him of certain sums in instalments to the mother, *it was held,* that in *scire facias* against the surety of the bond, judgment might be rendered for the sums due on such order at the commencement of the action, but not for the present worth of the instalments not yet due.

SCIRE FACIAS on a recognizance in a bastardy case taken before a justice of the peace, in which the defendant was bound as the surety of one Philbrook Batchelder, according to the provisions of the 3rd section of chapter 71 of the Compiled Statutes. Trial by the court at the March Term, 1861, in Washington county, PECK, J., presiding.

It appeared that the original case in the bastardy proceedings in which the recognizance was taken, was duly entered in the county court, and an appearance entered for the defendant by counsel, and a hearing had in court, and that the defendant was

---

[*]*Moore* v. *Stevens*, 33 Vt. 308.

adjudged guilty, and an order made by which the defendant was ordered to pay the plaintiff for the support of the child certain sums by instalments. The defendant in that suit did not appear therein personally, and never gave any recognizance in the case to abide or perform said order, nor any recognizance except the one taken before the justice. It appeared that no part of the order of court had been performed. The defendant's counsel claimed there could be no recovery or execution for any thing beyond the amount that had already become due and payable by the terms of said order. The plaintiff claimed to recover the whole amount of said order, both that which had, and that which had not become due and payable.

The court decided that the plaintiff should recover the sums that had already become due and payable, with interest thereon from the time the same fell due and payable, and the present worth of the remaining part of the sums so ordered to be paid, and rendered judgment and awarded execution accordingly, to which the defendant excepted.

*L. C. Wheelock* and *C. H. Heath*, for the defendant.

*Wing, Lund & Taylor*, for the plaintiff.

PIERPOINT, J.  This proceeding is brought upon a recognizance entered into before the magistrate, before whom the principal therein was brought, and charged with being the father of a bastard child. The condition of the recognizance is that such person shall personally appear before the county court next to be held in the county, and answer to such complaint and abide the order of the court. It appears that such person did appear by counsel in court, had a trial, was found guilty, adjudged to be the father of the child, and was ordered to contribute to its support by paying the sums, and at the times, specified in such order. No other recognizance was entered into as provided for in the 8th or 9th sections of the statute relating to illegitimate children. Comp. Stat., chap. 71 ; General Statutes, chap. 74. The father did not comply with the order of the court, and pay the first instalment and the cost, as required, and this proceeding is

instituted against the surety in said recognizance to enforce the payment. The county court rendered judgment for the amount then due under such order, and also for the then present worth of the remaining part of the sums so ordered to be paid, and the question now before us is as to the correctness of such judgment.

The 8th section of the 71st chapter Comp. Stat. provides that the father shall, during the term of the court in which the orders are made, enter into a recognizance, &c., with sureties, conditioned that he will abide and perform the order of the court, and that on entering into such recognizance, the one entered into before such justice shall be null and void. By the 10th section of the same chapter it is provided that in case the father shall fail to comply with the orders of payment, the county court before which such recognizance was entered into, may, from time to time, on motion of the mother, &c., enter up judgment on such recognizance, and award execution for the amount of the money mentioned in such order as the same shall become due. This provision does not in terms refer to a recognizance taken before the magistrate.

It has been held that when there is no surrender of the principal in cases of this kind, and no new recognizance, the original recognizance is held as a security that the principal shall perform the orders of the court in the premises. *Simons* v. *Adams et al.*, 15 Vt. 677. The result is that so far as security for the payment of money is concerned, in cases like the present, the original bond is the same in terms, and imposes the same obligation that a new one would. The object of taking it is the same, and in the majority of cases, I apprehend the original bond is the one on which the mother is compelled to rely for her security. It is returned into the county court by the magistrate with the other proceedings before him. Why then may it not be enforced in the same manner and by the same process that the other is? The statute does not in terms refer to it as before said, but the object and purpose of the statute was to furnish a speedy and cheap method by which the mother could enforce the payment of the money in case of a noncompliance with the order, and we think that it is no more than fairly carrying into effect the intent

of the legislature, in enacting those provisions, to say that the prescribed remedy is applicable to the original recognizance the same as to the new one. Harmony in the proceedings is thus preserved, and no injustice can result therefrom to any one.

The judgment of the county court is reversed and the case remanded.