MARY GARVIN v. THOMAS WALSH AND WILLIAM WALSH.

*Bastardy Proceedings. Recognizance.*

1. In bastardy proceedings if no new recognizance is entered into, the one taken before the magistrate continues in full force, and is held as a security that the defendant shall perform the orders of the County Court in the premises.
2. Nor, will a surrender of the principal in court, *after judgment has been rendered against him*, discharge such surety.
3. Nor, is the complainant compelled to resort to an action of debt, or *scire facias*. but the County Court, on motion, by virtue of section 2407, R. L., may award execution against such surety.
4. In *Gray* v. *Fulsome*, 7 Vt. 452, and *Mather* v. *Clark*, 2 Aik. 209, the principals were surrendered in court *before* judgment.
5. R. L. s. 2407. bastardy, construed.

HEARD by the court at the March Term, 1881, VEAZEY, J., presiding. It was a motion, under chapter 74, section 10, G. S. (R.

L. s. 2407), for an execution against a surety in bastardy proceedings; and the court held that the complainant was entitled to an execution. Thomas Walsh was the principal, and William Walsh the surety, in the bastardy proceedings before the justice. The said Thomas was adjudged by the County Court to be the father of the child ; and ordered to pay $300 towards its support, and costs of the suit. This was at the September Term, 1880. No new recognizance was entered into ; no execution was issued against the said Thomas ; and the said William did not surrender said Thomas in court in discharge of the recognizance till the March Term, 1881, when the said Mary had applied for an execution against the surety. The other facts are sufficiently stated in the opinion.

J. D. Butler and J. B. Phelps, for the defendants.

Bail on bastardy prosecutions is analogous to bail on mesne process, in civil actions, and bail in criminal cases. Mather v. Clark, 2 Aik. 209 ; Gray v. Fulsome, 7 Vt. 352.

Under our statute, bail on mesne process and bail on penal bonds may surrender their principal after judgment in the original suit, in discharge of themselves any time before judgment on " scire facias by the payment of costs of scire facias." Gen. Sts. c. 63, ss. 63, 64 ; Ib. c. 30, ss. 70, 71 ; 22 Vt. 614 ; 11 Vt. 347 ; 2 Tyler, 142 ; 36 Vt. 292 ; 21 Vt. 409.

G. E. Lawrence, for the plaintiff.

The original recognizance taken before the justice in this case, stands as security for the performance of the order of the court, unless there be a surrender of the principal or a new recognizance entered. Simmons v. Adams, 15 Vt. 677 ; Freeman v. Batchelder, 35 Vt. 13.

The appearance of the principal in court, and his defence of the suit, was not enough to discharge the surety. There must be a formal surrender of the principal into the custody of the court, and an exoneretur entered upon the record. Humphrey v. Kasson, 26 Vt. 760 ; Blood v. Morrill, 17 Vt. 598.

The recognizance is a part of the files and records of the County

Court. 17 Vt. *supra.* The surety could not surrender his principal after judgment. 15 Vt. 677 ; 26 Ib. 760.

The opinion of the court was delivered by

TAFT, J. The defendant in a bastardy case, when brought before a magistrate, is required to enter into a recognizance for his appearance before the County Court and to abide the order of the court in the premises. If in the County Court the defendant is adjudged to be the father of the child, the court makes suitable orders with reference to his contributing to its support, the expenses of the mother, and costs of suit. At the term when such orders are made, a new recognizance can be entered into, conditioned for the performance of the orders, and when so entered into, the recognizance before the magistrate becomes null. In case no new recognizance is entered into by the defendant, the one taken before the magistrate continues in full force, and is held as security that the defendant shall perform the orders of the court in the premises. *Simmons* v. *Adams*, 15 Vt. 677 ; *Freeman* v. *Batchelder*, 35 Vt. 13.

The surety in this case, claimed in the court below that he should be released from any liability upon his recognizance, upon his surrendering the principal in court, at least, as to all sums not then due ; and that thereupon he had the right to have an *exoneretur* entered upon the record. The ruling was adverse to the surety, and to such ruling exception was taksn. The proposed surrender of the principal was subsequent to the term at which judgment was rendered and the orders made.

We think that after judgment in these cases, under the provisions of our statutes, the surety has no right to surrender the principal in court in discharge of his recognizance. His liability becomes fixed by the judgment, and even the subsequent death of the principal will not have the effect to discharge him. *Humphrey et ux.* v. *Kasson*, 26 Vt. 760. In the cases cited, *Gray* v. *Fulsome* 7 Vt. 452, and *Mather* v. *Clark*, 2 Aik. 209, the principals were surrendered in court pending the prosecutions and before judgment. These cases therefore are not authority in favor of a surrender after judgment. Whether the surety had

the right at common law to surrender the principal at any time after judgment, it is unnecessary to inquire, as we think our statute controls the matter as above indicated.

The proceeding is against the surety by motion under sec. 2407, R. L., q. v., and the defendant claims that it is irregular ; that the complainant must resort to her action of debt or scire facias upon the recognizance ; that the relief by motion can be granted in only two cases ; viz., where the recognizance was entered into in the County Court, or before one of the judges of such court in vacation. The recognizance in this case was taken by the magistrate before whom the defendant was brought when first arrested, but the law required it to be, and it was, returned by `him to the County Court, and it became and is a part of the files in that court. The question is, can it be enforced in the manner sought in this case ? Did the County Court have power to enter up judgment on the recognizance, against the surety, and award execution for the sums mentioned in the orders ? The statute provides that it may be done by " the court before which the recognizance was entered into, or to which a recognizance taken by a single judge is returned." Either the magistrate, or the County Court, had power to proceed in the manner indicated, for the statute expressly provides that " the court before which the recognizance was entered into may enter up judgment," &c. The recognizance being returned to the County Court and becoming a part of the files, and the orders to be enforced being those of the County Court, we think the intent of the statute and its meaning, is, that the proceedings provided by said section shall be had in the County Court and not before the magistrate; and that that court has power to proceed by motion and enforce the rights of the complainant, under any recognizance properly in the court, that is in force between the parties. The case of Freeman v. Batchelder, above cited, was scire facias, so that question was not directly involved, but the reasoning of the late learned Chief Justice PIERPOINT is applicable, and seems to us conclusive upon the subject discussed.

We think the words in the statute, " before which such recognizance was entered into, or to which a recognizance taken by a

single judge may be returned," are descriptive of and intended to designate the court, to which the power to proceed on motion is given, rather than limiting the power of the court to action upon recognizances taken in open court or before one of the judges. The statute limits such proceedings to the County Court in the county in which the orders are made, and gives the court power to enforce in the manner provided, any recognizance properly in that court, although it was entered into originally before a magistrate. A recognizance taken by a magistrate, which is required to be returned to, and becomes a part of the files of the County Court, may fairly be said to have been entered into before such court.

It could not have been the intent of the legislature to give the magistrate power to take jurisdiction of the case, and enforce the orders of the County Court. Indeed the proceedings before the magistrate can hardly be called those of a court; nothing is tried by him, he has no discretion as to whether the defendant shall be held to bail or not; all that he can do is to take a recognizance of the defendant and return the papers to the County Court. The proceedings resemble the issuing of a County Court writ by a justice of the peace, who merely signs the writ and takes the recognizance for costs. They are really proceedings in or before that court.

Judgment affirmed.