## CONTAINING A FEW DECISIONS OF THE SUPERIOR COURT ON THE CIRCUIT,

*Notes of these cases were taken, because they were deemed of some importance at the time; and they are now published, because they have since been often cited, but have seldom been stated fully and correctly.*

SIMEON PEASE *against* GIDEON BURT and others.

THIS was an action of false imprisonment.

The declaration charged that the defendants forcibly arrested the plaintiff in *Enfield*, in *Connecticut*, and carried him to *Northampton*, in *Massachusetts*, and there confined him in prison.

The defendants pleaded *not guilty;* and rested their defence on two grounds: First, that they did not commit the acts charged; and, secondly, that they were justified in so doing, as they acted under the direction of the plaintiff's bail, and took the plaintiff for the purpose of surrendering him to the officer in *Northampton*, who had the execution; and that no more force was used than was necessary for that purpose.

The arrest and imprisonment were clearly proved; and the second ground of defence was principally relied on.

November, 1806.

The right of bail to arrest and confine the person of his principal, is transitory, and may be exercised wherever the latter may be found. *Semb.*

But if the bail, in arresting his principal, makes use of more force than is necessary for the purpose, he will be liable for false imprisonment.

It appeared in evidence, that one *M᷎Gregory* had been bail for the plaintiff in a suit before the court of common pleas in the county of *Hampshire*, in *Massachusetts;* that judgment had been rendered against the plaintiff, execution taken out, and put into the hands of an officer for collection; that the plaintiff had absconded into *Connecticut;* that *M᷎Gregory* had pursued him thither; and that, by his direction, the defendants had arrested him there, carried him back, and surrendered him to the officer having the execution.

*N. Terry* and *H. Terry* contended that the plaintiff was entitled to a verdict, as the facts stated were proved, and no sufficient defence had been made out. They admitted the right of the bail to take his principal wherever he could find him *within the jurisdiction;* but insisted, that this right could not be extended further. They cited *Stoyel's* case, before the circuit court of the *United States*, in which Judge *Paterson* presided, as having settled the point in their favour.

*Goodrich* and *Bradley*, for the defendants. The bail, by virtue of the relation between him and his principal, has a right to the custody of the latter, and may, at any time, confine him.(*a*)

If the principal be taken away, by impressment, into the naval service; or by enlisting as a soldier; or even by criminal process; the bail may have the aid of a *habeas corpus* to bring him in to be surrendered.(*b*)

If then, *M᷎Gregory* had been bail for the plaintiff in the state of *Connecticut*, and had taken him in the man-

(*a*) 3 *Bla. Com.* 290.　2 *Hawk. P. C.* c. 15. s. 3.　*Anon.* 6 *Mod.* 231.

(*b*) *Bail of Boise and Sellers*, 1 *Stra.* 641.　*Bail of Peter Vergen*, 2 *Stra.* 1217.　*Bond* v. *Isaac*, 1 *Burr.* 339.　*Howard* v. *Lyon*, 1 *Root*, 107.

4

ner he did for the purpose of surrendering him; or if, as the case stands, he had taken the plaintiff in the manner he did, within the jurisdiction of *Massachusetts*, and had not come into *Connecticut* for him; all would have been well.

But we contend, that if the bail had a right to take his principal in *Massachusetts*, he had the same right in *Connecticut*.

It is said, that *process* is local, and necessarily confined to the jurisdiction, under the authority of which it issues. This we admit; but it does not follow, that the right of the bail to control the person of his principal, though such right may have derived its existence from process, is subject to the same restrictions.

The rights of bail are twofold: First, that of controlling the person of the principal, for the purpose of surrendering him; and, secondly, in case the bail does not surrender him, and pays the debt, that of an indemnity from the principal. The law imposes correspondent obligations on the principal, and supposes, that he acquiesces therein. These rights are neither of them local, but transitory.

In a suit brought by bail, in a different jurisdiction, against his principal, upon the implied promise of indemnity, would it be any defence to say that the original process, in which you were bail, would not extend here? But upon principles of reason and law, it would be as good an answer in that case, as it is to the claim of the bail to control and confine the person of the principal in a foreign jurisdiction, for the purpose of surrendering him.

There is a substantial distinction with respect to rights. Some are local; and some are transitory.

Nov. 1806.

PEASE
v.
BURT.

All crimes must be tried within the jurisdiction of the government, against the authority of which they were committed. The right of real property is local, and must be decided in that jurisdiction wherein it is situated; because process to give possession cannot come from a foreign jurisdiction. But all rights of a personal nature are transitory. A right to personal property; a right to a personal action, whether founded on a contract, or on tort; or a right in one to control the person of another, acquired under the laws of one government, extend to, and may be exercised, and enforced in, any other civilized country, where the parties happen to be. Goods purchased in *London* are the property of the purchaser when transported to *New-York.* A contract made in *Europe*, or in *India*, may be enforced in this country. Trover and trespass will lie here for injuries done to things personal in any part of the world.(*a*)

If a right to personal property, and a right of action, acquired under the laws of one country, exist, and may be enforced, in another; then a right acquired by one to control the person of another is likewise transitory: For these cases are strictly analogous in this respect, and depend upon the same principles.

An enumeration of the cases, in which one may have a right to control the person of another, will put this question beyond a doubt. A parent, guardian, and master, have this right; and upon removal from one state, or country, to another, would they not respectively continue to have the right to control and govern their children, wards, or apprentices? Poor children may be bound out by the civil authority and selectmen of a town; poor debtors may be assigned in service, under certain cir-

(*a*) *Rafael* v. *Verelst,* 2 *Bla. Rep.* 1055. *Mostyn* v. *Fabrigas, Cowp.* 170—182.

cumstances, to pay their debts; criminals also may be assigned in service, in certain cases, by the court before which the trial is had, to pay the costs of prosecution; and criminals confined in *Newgate* prison, after their term of confinement is expired, may, if they cannot otherwise pay the cost, be assigned for that purpose. Suppose any of these persons should escape from their masters, and go into the state of *Massachusetts;* might they not be followed, and reclaimed? Even a slave, having fled from his master, in a country where slavery is tolerated, into another where it is by law prohibited to its own citizens, may be taken up, and carried back by the mere authority of the master.(a)

THE COURT, in summing up to the jury, avoided a direct decision of the point of law raised in this case, though they intimated an opinion in favour of the defendants.(b) But as there was some evidence that the defendants, in making the arrest, were guilty of unnecessary violence, the court directed the jury, if they believed that was the case, to find for the plaintiff; which they accordingly did.

(a) 1 *Bla. Com.* 451.

(b) The court, at this time, had not adopted the practice of giving, in their charge to the jury, an explicit opinion on all the points of law in the case.