### PARKER *against* BIDWELL and others.

*June 21.*

Bail, or a person deputed by him for that purpose, may take the principal, in another state, or wherever he may be, and detain him, or surrender him into the custody of the sheriff.

Although a *ca. sa.* against the principal must be sued out, and actually returned, with a *non est inventus* endorsed thereon, before a suit can be commenced against the bail ; yet, as this is necessary only to evince a breach of the contract, and the liability of the bail exists without such breach, his rights, in relation to the principal, are not affected by an irregularity in the issuing of the *ca. sa.*

The death of the plaintiff, after judgment rendered, and execution issued, does not discharge the bail, or affect his liability.

A parol declaration of the plaintiff's attorney, that the bail was discharged, has no effect to release him from his liability.

THIS was an action for trespass, assault and battery, and for false imprisonment, tried at *New-Haven, January* term, 1819, before *Trumbull, Hosmer* and *Peters,* Js.

*Isaac Upson* had obtained a judgment and execution, in an action on a promissory note, before a court of competent jurisdiction in the state of *New-York,* against the plaintiff and one *Byington.* This judgment had never been satisfied nor reversed ; nor had any *ca. sa.* issued thereon. *Upson* died soon after it was rendered, intestate ; and no administration was taken out on his estate. *Aaron Simmonds,* by virtue of a bail-piece, and a power of attorney from *Perry Simmonds,*

the plaintiff's special bail in the action referred to, arrested the body of the plaintiff at *Meriden* in this state, and carried him into the state of *New-York,* to surrender him in discharge of his bail.    In making this arrest, and in the consequent restraint and imprisonment, the defendants assisted ; but no more force was made use of than was necessary.    The plaintiff claimed, that *Perry Simmonds* was discharged from his liability as bail, on the ground that no *ca. sa.* had issued within a year and a day, and also by reason of *Upson's* death, and the action's not being revived ; and therefore, that he could not arrest the body of the plaintiff upon this bail-piece. The plaintiff further claimed, that one *Welton,* the attorney of the assignee of the note, after *Upson's* death, and before the arrest in question, had declared, by parol, to *Perry Simmonds,* that he was discharged from his responsibility, and that he never would prosecute him as bail in that suit. These claims were resisted by the defendants.    The court charged the jury as follows : " As to the discharge of the bail, which is claimed by the plaintiff, the court inform you, that a parol declaration to *Simmonds,* the bail, by *Welton,* the attorney of *Upson,* after *Upson's* death, that he was no longer holden as bail, and that he would never prosecute him as such, is no legal discharge of the bail.    But the court also inform you, that at the time when the defendants arrested the plaintiff on this bail-piece, *Aaron Simmonds* was not liable to be taken and arrested, as special bail, on the judgment obtained by *Upson* against the plaintiff ; and had, therefore, no right, by virtue of the bail-piece, to take the plaintiff, and convey him into the state of *New-York.*"    The jury returned a verdict for the plaintiff accordingly ; and the defendants moved for a new trial, on the ground of a misdirection.

The court having reserved the motion, the questions arising thereon were submitted without argument.

Hosmer, Ch. J.    The charge to the jury, in this case, was manifestly incorrect.    The law supposes the principal to be in the custody of his bail ; and the bail may take him when he pleases, and detain him, or surrender him into the custody of the sheriff.    *Anon.* 6. *Mod.* 231.    Ex parte *Gibbons,* 1 *Atk.* 238.    *Anon.* 2 *Show.* 214. [202.]    This act he may do personally, or by an authorised agent.    *Meddowscroft* v. *Sutton,*

Parker
v.
Bidwell.

1 *Bos. & Pull.* 61.   *Fisher* v. *Fallows*, 5 *Esp. Rep.* 171.   *Nicolls* v. *Ingersoll*, 7 *Johns. Rep.* 145.   If it were not so, the bail might often be exposed to great and unnecessary hazard.

The death of the plaintiff had not the effect of discharging the bail, or of affecting the recognisance by which he was bound.   Before a suit can be commenced against the bail, a *ca. sa.* against the principal must be sued out, and actually returned, with a *non est inventus* endorsed thereon.   *Pearsall* v. *Lawrence* and *Doe*, 3 *Johns. Rep.* 514.   This is only necessary to evince a breach of the contract ; but the liability of the bail exists, though the contract is not broken.   If there be an irregularity in the issuing of the *ca. sa.*, this cannot be taken advantage of by the bail ; it is error only, of which the principal may avail himself.   *Cholmley* v. *Veal*, 6 *Mod.* 304.   *Aires* v. *Hardress*, 1 *Stra.* 100.   *Cholmondely* v. *Bealing*, 2 *Ld. Raym.* 1096.   No obstacle was put in the way of the bail to surrender the principal, by the death of *Upson*.   Notice of the surrender, in all cases, should be given, if possible, to the plaintiff, or his attorney.   In case there was no administrator of the deceased plaintiff, or the judgment was not revived in his favour, the party might make application to the court for an order, directing what kind of notice should be given in the special case.   Even an omission to give notice, does not vitiate the render, although it may subject the bail to costs, incurred by the plaintiff's future proceeding. (1 *Tidd*, 240, 1.) The object of notice is, that the plaintiff may charge the defendant in execution, or at least, that he may not be at any further trouble or expense.

Had the *principal* died, it would have discharged the bail, if it had happened before he had become legally *fixed* with the debt ; but the death of the plaintiff, in the suit, has no such effect.

With respect to the declaration made by *Welton*, the attorney, that *Simmonds* was no longer held as bail, it had no effect to release him from his liability.

I would advise a new trial.

The other Judges were of the same opinion, except BRISTOL, J. who gave no opinion, having been of counsel in the cause.

New trial to be granted.