RUGGLES *against* COREY.

By an arrest and commitment of the principal, under the act of *May*, 1818, the bail is exonerated from his recognizance ; and an *exoneretur* will be entered, on motion.

*October* 20.

THIS was an action of debt on book, in which, during its pendency in the county court, *viz.* in *March*, 1820, *Ephraim M. Frink* had become special bail of the defendant.   On the second day of the first term of the superior court, after the appeal of the cause, *Frink* came into court, and moved his discharge as bail, and that an *exoneretur* should be entered of

*New-London,*
October,
1820.

Ruggles
*v.*
Corey.

record.   The motion, which was in writing, stated, " That on the 6th day of *June*, 1820, he, said *Frink*, made application and complaint, in writing, to *Isaac Thompson*, Esq. a justice of the peace for the county of *New-London*, pursuant to the statute law of this state, entitled, " An Act for the relief of Bail," stating therein, that he verily believed, the principal, said *Corey*, intended to abscond, and praying that said *Corey*, who was then dwelling in *New-London*, should be forthwith arrested, and committed to prison, pursuant to said statute law ; that said *Frink* made oath to the truth of the facts stated in his said application, and produced to said justice of the peace, evidence of his having become bail as aforesaid, as required by said statute ; that said justice of the peace granted a *mittimus*, directed to a proper officer, commanding him to arrest said *Corey*, and him commit to the keeper of the common gaol in *New-London ;* that said *Corey* was arrested, by virtue of said *mittimus*, and committed to the keeper of said common gaol, within the prison ; that afterwards, *viz.* on the 6th day of *June*, 1820, the said *Corey*, on due notice given to the plaintiff, as required by law, had administered to him the oath provided by law for poor prisoners confined for debt ; and that said *Corey* was thereupon discharged from said gaol." This motion was demurred to ; and the question of law arising thereon, was reserved, for the advice of all the Judges.

*Brainard*, for the plaintiff, contended, that the proceedings stated in the motion, furnished no ground for the discharge of the bail.   The object of the statute, under which that proceeding was had, was to provide for the security of the bail, by enabling him to *fulfil* the contract he has entered into, not to discharge him from it.   By the terms of the recognizance, and the law regulating bail, the principal must abide final judgment, or the bail must bring him into court, and move to be discharged.   1 *Stat. Con. tit.* 16. *c.* 1. *s.* 3.   Neither of these things has taken place.   The act of *May*, 1818, makes no provision for the discharge of the bail ; nor does it make the proceeding under it, a fulfilment of the condition of the recognizance.   If it did, or if it would bear such a construction, it would be a law impairing the obligation of contracts.   Aside from the statute, a commitment of the principal is no compliance with the undertaking of the bail.

*New-London,*
October,
1820.

Ruggles
*v.*
Corey.

*Isham,* for the bail, stated, that he should contend, That the object of the act in question, was to provide a mode, in which, consistently with the rights of the party, the bail might comply with his undertaking, and become entitled to a discharge from it, by a surrender into the custody of the law ; when he was stopped by the Court.

HOSMER, Ch. J. *Ephraim M. Frink,* the special bail of the defendant, a resident of the county of *New-London,* believing that his principal intended to abscond, caused him to be committed to gaol in the said county, pursuant to the " act for the relief of bail ;" and now moves, that he may be discharged from his recognizance.

In behalf of the plaintiff, it is contended, that by law, the principal is held in custody for the benefit of the bail ; while the bail insists, that the object of the act was to designate a mode, in which he might be exonerated from his recognizance.    The latter, in my judgment, is the correct and only reasonable construction of the law.

The act was made for a beneficial purpose, and the words of it must be construed with effect.    It would be mere supererogation, to authorize, by statute, the imprisonment of the principal, for the benefit of his bail, as this was the unquestionable law before.    On principles of common law, the bail may take his principal when and where he pleases ; and this is considered not as a new arrest, but as a continuance of the former imprisonment.    " He has the principal always on a string, and though extended to the remotest corner of the earth, he may pull it when he pleases."    In legal contemplation, the principal is in the custody of the bail, who is viewed as his gaoler *pro tempore,* and the latter may always take the former, and actually confine him.    3 *Bla. Comm.* 290.    *Anon.* 6 *Mod.* 231.    *Anon.* 2 *Show.* 214.    Ex parte *Gibbons,* 1 *Atk.* 239. *Nicolls* v. *Ingersoll,* 7 *Johns. Rep.* 145.    *Parker* v. *Bidwell,* 3 *Conn. Rep.* 84.    It cannot be rationally believed, that the legislature has made so unnecessary a law, as the one which the construction of the plaintiff presupposes.

By our practice, the bail has been deficient, in the power of making a surrender of his principal out of court, and thus exonerating himself from his recognizance.    In *England,* and at least in some of the *United States,* this may be accomplished,

New-London, by the bail's imprisoning his principal, and giving notice of the
October, fact to the plaintiff, that he may charge the defendant in exe-
1820. cution.    For a remedy of the disadvantage to which bail was
Ruggles subjected by our law, it is reasonable to believe, that the act
v. in question was made. · Although it might have been more
Corey. explicit than it is, it is susceptible of no reasonable doubt.
The principal is to be committed, on the application of the
bail, to the common gaol of the county in which he resides,
there to remain until "he is discharged by due order of law."
This form of phraseology is familiar, and always means, that
the imprisoned person is to be held in custody, until he is ex-
onerated from the claim for which he is restrained.    If the
object of the law had been, to aid the bail in the imprison-
ment of his principal, the latter would have been taken en-
tirely out of his controul.    It is too clear to be questioned,
that the bail, after the commitment of his principal to gaol, on
his application, can never repossess himself of him, or release
him from prison, however anxiously he may be desirous of it.

On the construction put upon the statute, the condition of
the recognizance is not violated, but it is performed.    The
surrender out of court, is equally efficacious with the surren-
der of the principal in court.    By putting the principal where
he must abide the judgment rendered against him, the bail
is exonerated ; and what more can the attaching creditor
require ?

As the principal was surrendered before the bail was fixed,
the remedy, *by motion*, is undoubtedly correct.    *Merrick* v.
*Vaucher*, 6 *Term Rep.* 50.    *Brownelow* v. *Forbes*, 2 *Johns.
Rep.* 101.

I would advise the entry of an *exoneretur* on the bail-piece.

The other Judges were of the same opinion.

Motion to be granted.