## Ex Parte Voltz.

BASTARDY—*Escape.*—*Rearrest.*—Where in a proceeding in bastardy the defendant is adjudged to pay a certain sum, and is held in custody for failure to pay or replevy the same, and without the consent of the sheriff forcibly and unlawfully escapes from the jail, and the sheriff is sued for the escape, and suffers judgment, and pays the sum adjudged against the defendant, he may again arrest the defendant and hold him in jail in execution of the original judgment.

APPEAL from the Judge of the Ripley Common Pleas.

DOWNEY, J.—Voltz made affidavit that he was illegally restrained of his liberty in the jail of Ripley county by George W. Russ, the sheriff of that county. A writ of *habeas corpus* having issued, the sheriff returned that he held the petitioner in custody by virtue of the following facts: that in a proceeding against him for the support of an illegitimate child, in

the name of the State, on the relation of Louisa Billman, the mother, in the Ripley Circuit Court, the petitioner had been adjudged the father of the child, and ordered to pay four hundred dollars for its support, and costs of the suit, and that he be committed to jail until the same was paid or re-plevied; that he failed to pay or replevy the same, and was by order of said court committed to the jail of the county; that without paying or replevying the judgment, and with-out the consent of the sheriff or his jailer, on the 26th day of September, 1867, he forcibly and unlawfully broke jail and escaped therefrom; that the sheriff, John W. Hamilton, pursued him, but he fled from the State, etc.; that the State, on relation of Louisa Billman, sued the sheriff for the es-cape, and recovered judgment for the amount of the judgment in the bastardy case, which he had paid. He further says that he now holds the petitioner at the request and instance of said Hamilton, who claims that because of the aforesaid facts, he is subrogated to the rights of the said Louisa Bill-man in the aforesaid original suit.

Voltz excepted to the return, and his exception was over-ruled; the return was held sufficient, and he was remanded to jail. From the judgment he appeals.

When this case, in a different form, was before us on a pre-vious day of this term (*ante*, p. 175), we used this language: "It is provided by statute in this State that when the sheriff, or any surety on his bond, shall be compelled to pay any judgment, or any part thereof, by reason of any default of such officer, except for failing to pay over money collected, or for wasting property levied on, the judgment shall not be discharged by such payment, but shall remain in force for the use of the sheriff or surety making such payment, and, after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use. 2 G. & H. 309, sec. 676. But this section *gives* the sheriff or surety no remedy until after the judgment shall have been paid; and then it would be a question whether the right would remain or exist to imprison the defendant, or only to

have execution against his property." Since that time the Sheriff, Hamilton, having paid the judgment of the State, on relation of Billman, against him, the petitioner was again imprisoned, at his request, he claiming to have been subrogated to the rights of Billman under the judgment, and among them the right to imprison the petitioner until the judgment shall be paid or replevied. A new writ of *habeas corpus* was sued out by the petitioner, a new return made by the sheriff, and judgment thereon, and another appeal prayed. So that the point which was not presented to us when the case was here before, and which we did not decide, is now presented for our decision. That question is, can the sheriff, after thus having paid the judgment, imprison the petitioner?

As we found in the other case, upon an examination of the authorities, that the bringing of the action against the sheriff by Louisa Billman was an election on her part to consider the defendant out of custody, and prevented her from again imprisoning him or continuing him in custody on that judgment, it follows that she had no right thereafter to have him imprisoned, whether her judgment against Hamilton was ever paid or not. If, then, the sheriff is subrogated to her rights under the judgment, by the payment thereof, the question is, whether he must take that right as she held it at the time when the money was paid on the judgment by him, or whether he has the rights and all the rights which she had originally under the judgment. The sheriff has been guilty of no misconduct. It is alleged in the return that the petitioner "forcibly and unlawfully broke jail and escaped." The manner of escape did not, however, save the sheriff from liability therefor. *The State, etc.,* v. *Hamilton,* 33 Ind. 502. The petitioner did not pay or replevy the judgment. The case is a meritorious one on the part of the sheriff. The petitioner is now where he was ordered by the judgment of the court. If he can derive any benefit from his escape, it will be allowing him to secure an advantage from his own wrong. The language of the statute is suffi-

ciently broad to justify us in holding, and we do hold, that on payment of the judgment, Hamilton acquired all the rights under it which Louisa Billman had when she made her election to look to the sheriff for payment, on account of the escape.

The language of the statute giving the sheriff the right "to prosecute the judgment to execution for his use" must be held to justify any legal mode of enforcing obedience to the judgment. The word execution must be held to mean the carrying into effect of the judgment of the court. Bouv. Dict., tit. Execution. It is provided by statute in this State, that "there shall be three kinds of execution—one against the property of the judgment debtor, one against his person, and one for the delivery of the possession of real or personal property, or such delivery with damages for withholding the same." But the mode of executing judgment in cases of bastardy, in the first instance, is expressly provided for by statute. It is made the duty of the court, if the defendant be in custody, to require him "to replevy such judgment by good freehold security; or, in default thereof, to commit such defendant to jail until such security be given." The petitioner is now in execution, according to this statute, and in pursuance of the judgment.

The judgment is affirmed, with costs.

PETTIT, J., dissents.

*J. W. Gordon,* for appellant.