*J. T. Dye* and *A. C. Harris*, for appellee.

---

## Ex Parte Teague.

BASTARDY.—*Imprisonment.*—*Constitutional Law.*—*Statute.*—The provision of the bastardy act which authorizes the court to require the defendant to replevy the judgment by good freehold surety, or in default thereof to commit such defendant to jail until such security be given, is not in conflict with the latter clause of the twenty-second section of article one of the constitution of Indiana.

APPEAL from the Delaware Circuit Court.

BUSKIRK, J.—This was a proceeding by *habeas corpus.* The petition was as follows:

"The petitioner respectfully represents that he is at this time (April, 1871) restrained of his liberty illegally, at this, Delaware county, in the county jail thereof, by Orlando H. Swain, the sheriff of said county; that heretofore, to wit, on the — judicial day of the present (April, 1871) term of this (Delaware Circuit) court, judgment was rendered against the said petitioner, for the sum of eight hundred and fifty dollars, in an action of bastardy, then and there, and on that day, determined against him, in the case of *The State, ex rel. Lamira J. Huffman;* that, as a part of the finding in said cause, it was adjudged that on his failure to pay or replevy the said judgment, he be imprisoned in the county jail of said county; and being a man of no property, and hopelessly bankrupt, and having no means wherewith to pay said judgment, and being unable to provide and furnish security for its payment, said court committed him to said county jail, where he is now, by said sheriff, detained illegally and against his will; and he says that said restraint and unlawful detention are illegal, in this, that the act of the legislature, under which said bastardy proceeding was instituted, and under and by virtue of which the said judgment was rendered and imprisonment adjudged, is a civil statute, and not a criminal or penal one, and being a civil proceeding, only imposes a civil obligation, and does not warrant or authorize imprisonment or restraint of the liberty of any one proceeded against, under and in virtue of its provisions, and that the imprisonment thereunder is imprisonment for debt, and in contravention of the latter clause of the 22d section of article one (1) of the constitution of Indiana. Wherefore the prisoner says," etc.

To the above petition, which was properly sworn to, the following demurrer was filed:

"The State of Indiana, on the relation of Lamira J. Huffman, who is the relatrix in bastardy stated in the petition of David B. Teague for a writ of *habeas corpus,* and who has been notified of the filing of said petition, comes and demurs to said petition, and for cause says it does not state facts

sufficient to constitute a cause of action, or to authorize the granting of the writ of *habeas corpus*."

The demurrer was sustained, and the petitioner excepted; and the petitioner refusing to plead further, the court refused to order the writ, but remanded the petitioner to the jail.

The appellant assigns two errors in the court below; first, the action of the court in sustaining the demurrer to the complaint; second, committing the defendant to jail, as for a contempt, in failing to pay or replevy the judgment, over his own sworn petition, averring his inability to do so.

Two questions are presented for our decision. The first is, whether section 15 of the bastardy act, which authorizes the court to require of a defendant who has been adjudged to be the father of a bastard child, to replevy the judgment by good freehold surety, or in default thereof to commit such defendant to jail until such security be given, is in conflict with the latter clause of the 22d section of article 1 of the constitution of Indiana, which clause reads as follows: "And there shall be no imprisonment for debt, except in case of fraud."

The above question is not new in this State, but has been the subject of much discussion, and about which the decisions of this court have not been uniform or in harmony. The object of this suit is to reopen the controversy. This court, in *Byers* v. *The State, ex rel. Hutchison*, 20 Ind. 47, held that so much of the bastardy act as provided for the imprisonment of the defendant was unconstitutional and void. The decision in the above case was, in express terms, overruled by this court, in *Lower* v. *Wallick*, 25 Ind. 68. The learned counsel for the appellant claim that the question should not be regarded as settled; and they argue, with much ability and learning, that we should overrule the case of *Lower* v. *Wallick*, and reassert the principles enunciated in *Byers* v. *The State, ex rel. Hutchison, supra*. In our opinion, the question should no longer be regarded an open and unsettled one in this State. We have, in two cases, adhered to the

ruling in *Lower* v. *Wallick.*     *The State, ex rel. Billman*, v. *Hamilton*, 33 Ind. 502; *Ex Parte Voltz* 37 Ind. 237.

We are very clearly of the opinion that the ruling in *Lower* v. *Wallick* was correct, and it results that the court committed no error in sustaining the demurrer to the petition.

The imprisonment being legal, the court committed no error in remanding the prisoner to the custody of the jailer. The fact that the defendant was unable to replevy the judgment did not entitle him to a discharge.     To hold such a reason valid, would virtually abrogate the statute.

The court below committed no error.

The judgment is affirmed, with costs against the appellant.

*J. S. Buckles* and *J. W. Ryan*, for appellant.

*W. March* and *J. A. Wells*, for appellee.