## REYNOLDS ET AL. *v.* LAMOUNT.

BASTARDY.—*Imprisonment of Defendant.*—*Contempt.*—The imprisonment of a judgment defendant in a bastardy proceeding is a means of enforcing the order of the court, and is a part of the remedy to which the relator, or the State, is entitled, and a failure to pay or replevy the judgment is not to be treated as a contempt of court.

SAME.—The defendant in a bastardy proceeding, who has been adjudged to be the father of the child, and charged with its support, and imprisoned for not complying with the order of the court, cannot be released from prison on *habeas corpus*, by showing that some other person is the father of the child, or that he has no money or property with which to pay the judgment or procure replevin bail.

From the Knox Circuit Court.

*J. C. Denny, G. G. Reily,* and *W. C. Johnson,* for appellants.

DOWNEY, C. J.—The appellee filed his petition for *habeas corpus* July 5th, 1870, in which he stated in substance that he was held in custody by said Reynolds, as sheriff of the county, in the jail of the county, upon a warrant issued out of the office of the clerk of said court, upon a judgment in bastardy in said court, in a prosecution in the name of the State, on the relation of said Mary L. Embers, against him ; that he was arrested and confined in said jail in December, 1869, and from that time has been deprived of his liberty; that he has never owned any property, and that at the time of said arrest, upon said warrant, and from that day hitherto, was not possessed, nor has he had any property or estate, either real, personal, or mixed, in possession or in expectancy, nor has he any choses in action, and has not any means whatever, whereby he can secure or pay the judgment, or any part thereof. He further alleged that the said bastard child was begotten by a white man, and not by him, which he was ready to prove, if the court would hear the testimony; that he asked this in order to show that his incarceration was unjust; that unless he was released upon this proceeding, because of his utter poverty, he must remain

Reynolds *et al. v.* Lamount.

in jail during life; by reason of which he charges that his imprisonment is unlawful and unjust. Prayer that upon proof of said facts, etc., he be discharged from such custody.

A writ of *habeas corpus* was accordingly issued. The sheriff returned that he held the petitioner by virtue of the judgment and warrant aforesaid, and he also demurred to the petition. His demurrer was overruled, and the court then entered this judgment: "It is therefore adjudged and considered, that the said William Lamount has fully purged himself of the alleged contempt of the authority of this court, and that he be discharged from the custody of the said sheriff, and permitted to go hence without day." To the judgment of the court in overruling the demurrer, there was an exception duly taken, and that ruling is assigned as error. There is no brief for the appellee, and we do not know on what ground the judgment of the court proceeded; whether upon the ground that the appellee was unable to replevy the judgment, upon the ground that the child was "begotten by a white man, and not by him," or upon another ground, which seems to be indicated by the judgment of the court, that the question had resolved itself into one of contempt of the authority of the court, and that the appellee had purged himself of the alleged contempt.

We think the decision cannot be sustained on the ground upon which it appears to have been put by the court. The failure to replevy the judgment, or to pay it, was not a mere contempt of the authority of the court. The imprisonment is the means of enforcing a compliance with the order of the court. It is a part of the remedy to which the relator or the State is entitled, and the non-compliance is not to be treated as a contempt of the authority of the court. If the case was put upon the ground that the appellee could prove that the child was the child of another person, we think the ruling was not correct. This question was decided before the judgment was rendered. Had it not been found that the defendant was the father of the child, he would not have

been charged with its support and imprisoned for not complying with the order.

The other question is, can the defendant in such a case, who has been charged with the support of the child, and imprisoned for not complying with the order, be released and discharged, by showing that he has no money or property with which to pay the judgment, or to procure some one to replevy it? The statute makes no provision for the discharge of a defendant when so imprisoned. In *Ex Parte Teague*, 41 Ind. 278, it was decided by this court, that the fact that the defendant was unable to replevy the judgment did not entitle him to a discharge, and that to hold such a reason valid, would virtually abrogate the statute.

The judgment is reversed, with costs, and the cause remanded.