## THE STATE *v.* ROLLINS.

BAIL.—*Suit on Forfeited Recognizance.—Surrender of Principal.*—Where suit had been commenced upon a forfeited recognizance, and the principal had been again arrested by the sheriff, and again bailed by the same person, the bail, by his surrender of the principal in open court and payment of all costs, before final judgment upon the forfeited recognizance, was entitled to be discharged from further liability thereunder.

From the Elkhart Circuit Court.

*C. A. Buskirk,* Attorney General, and *W. C. Glasgow,* Prosecuting Attorney, for the State.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

BUSKIRK, J.—This was an action upon a forfeited recognizance.

The error assigned calls in question the action of the court in overruling a demurrer to the answer. The substantial facts averred therein are: Frank Rollins, a son of the appellee, was indicted for a conspiracy to commit a larceny. The appellee became his bail for his appearance from day to day, but, as the appellee supposed, until the next term. On the last day of the term, the principal and surety were called, and, not appearing, a forfeiture was taken. Frank Rollins went to Grand Rapids. His father knew where he was, but made no effort to bring him back. Suit was commenced on the forfeited recognizance. An *alias* writ was issued for Frank Rollins. The sheriff arrested him, brought him back, and placed him in jail. The appellee again bailed him, and then produced him in court, in discharge of his recognizance. The court held that he was discharged. The State appeals. It is provided by section 44 of the criminal code, 2 G. & H. 398, that "the bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court, or to the sheriff, and, upon payment of all costs, may thereupon be discharged from any further liability upon the recognizance."

It was shown, in the answer, that all the costs had been

paid. It is very earnestly contended by the prosecuting attorney, that the answer was bad, because the appellant had not gone after his principal and brought him back.

It is argued that the above statute was intended to relieve the surety where the principal had run away against his consent, and where he had made an honest effort to secure the return of the principal. We do not think such a construction can be placed upon the statute. It is not so expressed, nor is there anything to show such a legislative intent. The language is broad and express. The bail, at any time before final judgment against him upon a forfeited recognizance, may surrender his principal in open court, or to the sheriff, and, upon the payment of costs, shall be discharged. The bail had the right to take out a bail-piece and arrest the principal in any county in the State. *Turner* v. *Wilson,* 49 Ind. 581. The State had a right to re-arrest the principal. We think it can make no difference how the principal was produced in court. If he was produced by the bail and costs paid before final judgment, the surety was entitled to be discharged. The court committed no error in overruling the demurrer to the answer.

The judgment below is affirmed, with costs.