Mr. Justice Westcott
delivered the opinion of the court.
The petitioner in this case alleges under oath an illegal restraint of his liberty by the sheriff of Wakulla county. The sheriff in return to the writ of habeas corpus issued, certifies that the petitioner is detained by virtue of a judgment of the Circuit Court, a certified copy of which accompanies his return. Upon this return the petitoner moves his discharge.
Upon an inspection of the judgment, of which a certified copy accompanies the return, it appears that the petitioner is held under an order of the Circuit Court for Wakulla county directing the sheriff to detain him in custody until he gives the security which the court is authorized to require of him for the payment of sums of money which is has been by the court condemned to pay towards the support of a bastard child, under the provisions of the statute regulating the subject. (Thomp. Dig., 228, §3.)
No question is here made of the regularity of the proceedings under the bastardy act, so far as they concern the trial of the issues authorized to be raised under that act; nor is it questioned that the court is by that act authorized to require the bond. It is thus apparent that the general question here is, has the court the right and power -to direct the imprisonment in this case until a compliance with its order to execute the bond, which by the law it is authorized to require the party to give.
Section 15 of the Declaration of Rights provides that “ no person shall be imprisoned for debt except in case of fraud.” This provision of the organic law is, as a matter of course, a limitation upon the powers of each department of the government, Executive, Legislative and Judicial. It is, however, the clear result of the authorities that the sums which the petitioner has here been condemned to pay under the bastardy act, are not debts within the meaning of the provision of the Constitution. 52 Ala., 527; 25 Ind., 68; 33 Ind., 502; 37 Ind., 237; 21 Ohio (State), 353; 4 Ill., 414; 66 Ill., 513. The true question here, therefore, is whether the Circuit Court, a court of general jurisdiction, having been given the express power to require such bond, and having by its judgment directed such bond to be given; has the authority and power to direct the party to remain in the custody of the sheriff and to-be imprisoned until compliance with its order? While this is not the precise language of the order of the- court, it is in contemplation of law its effect, as the discharge of the party would be his right in case of a compliance with the *99 order of the court. We cannot conceive that there is the least room for doubt upon this question. Without such power the order of the court would be nothing more than the act of an individual, so far as the matter of enforcing a compliance therewith is concerned. The order to execute the bond would be simply "vox et praetcrea nihil” and the order to imprison would be a mere "bmtem fulmen■”
From a grant of judicial power to make the order to do a specific act, results the power to enforce its performance by the usual method. " Quando lex aliquid concedit conce-deré videtur et id, per quod devenitur ad illud”
We do not propose to discuss the question at length. The following authorities sustain the - general principle: 25 Ind., 74; 2 Blackf., 307; 2 Fla., 594; 2 Scam., 79-83; 1 Brock., 159; 1 Strob. (Law,) 555; 1 Rail., 606; 1 Virginia cases, 314; 1 Back. Abdg’t Title N.
Disability to execute the bond, the insolvency of the party, and other like circumstances, are matters which we cannot take cognizance of in this proceeding. . The order is within the power of the Circuit Court, and these matters, if their existence justifies any action, about which it is not here (in this collateral proceeding) proper for us to say anything, must be addressed to that tribunal.
The prisoner is remanded to the custody of the sheriff of Wakulla county, there to remain until discharged by due course of law.