No. 12,875.

## HOLDERMAN *v.* THOMPSON, SHERIFF.

BASTARDY.—*Jurisdiction.*—*Commitment to Jail.*—*Habeas Corpus.*—*Collateral Attack.*—Where the circuit court, in a bastardy proceeding, having jurisdiction of the subject-matter and of the defendants, commits the latter to jail on a bench warrant for failing to cause the judgment rendered against him in such proceeding to be replevied, such judgment can not be collaterally attacked on *habeas corpus.* Section 1119, R. S. 1881.

SAME.—*Recognizance.*—*Continuance.*—*New Bond.*—*In Custodia Legis.*—*Volun-*

Holderman *v.* Thompson, Sheriff.

*tary Appearance.*—The fact that after the defendant in a bastardy proceeding has been recognized by a justice of the peace to appear in the circuit court, and the case is there continued from term to term without a new bond being required, does not release him from the custody of the law; and the further fact that he voluntarily appeared and was present at the trial, does not affect the jurisdiction of the court over him.

Same.— *Waiver by Relatrix.*—The relatrix in a bastardy proceeding can not waive anything which the law requires.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*F. T. Hord,* Attorney General, *W. B. Hord* and *L. W. Vail,* for appellee.

Mitchell, J.—The record discloses that in a proceeding under the act regulating prosecutions for bastardy, and making provision for the support of illegitimate children, the appellant was, by the finding and judgment of the Elkhart Circuit Court, adjudged to be the father of an illegitimate child, and ordered to pay to the clerk of the court, subject to its further order, until a suitable guardian should be appointed, the sum of $400 in yearly instalments of $50 each. It was further ordered by the court, that the defendant should cause replevin bail to be entered for the stay of execution on the judgment, to the approval of the clerk, or in default thereof to be committed to the county jail.

A motion was made to modify the order, so far as it directed the commitment of the defendant, in default of entering replevin bail. This was overruled.

Failing to comply with the order, a bench warrant was issued and the defendant taken and held in custody by the sheriff. Subsequently the appellant, in a petition presented to the court, alleged that he was unlawfully restrained of his liberty by Charles E. Thompson, the sheriff of Elkhart county, on the bench warrant so issued. The petition recited the proceedings in the bastardy suit in detail, alleging that the appellant had been duly recognized, by the justice

before whom they were commenced, to appear at an ensuing term of the Elkhart Circuit Court; that the cause had been continued from term to term, from the February to the December term, 1885, and that upon each of the several continuances the giving of a bond had been waived.

It was averred that the petitioner was voluntarily present during the trial of the bastardy case; that he had not absconded, was not under arrest or in custody, and that no bond had been required of him before the order of commitment was made, and that he was unable to pay or replevy the judgment as required by the order of the court. For these reasons the petitioner alleged that his restraint was unlawful and that he ought to be restored to liberty. Accordingly a writ was issued commanding the sheriff to produce the body of the petitioner before the judge and to make return to the writ. In justification, the sheriff, with the body of the petitioner, returned the proceedings, judgment and order of the court in the bastardy suit, the default of the defendant, and the bench warrant, in pursuance of the command of which he took and then held him in custody. To this return, five exceptions were taken:

1. Because it did not negative the allegations in the petition that the petitioner was at no time in custody or under arrest.

2. Because it did not negative the averments in the petition that the plaintiff in the bastardy suit waived the arrest of the petitioner, and waived the giving bond for his appearance, or that he be held in custody.

3. Because it did not negative the averment in the petition that the petitioner voluntarily appeared to the bastardy suit, and because the plaintiff in the bastardy suit agreed to rely on the personal responsibility of the petitioner for the payment of the judgment, and waived a bond and the arrest of the petitioner during the proceedings and until after the judgment.

4. Because the return did not state facts sufficient, etc.

5. Because it is not stated in the return that the court or judge had power to order the petitioner to be placed in jail in pursuance of the order of the court.

These exceptions were overruled, and the appellant now asks a review of this ruling on appeal.

Concerning *habeas corpus* proceedings, it is provided, section 1119, R. S. 1881: "No court or judge shall inquire into the legality of any judgment or process whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * *

"*Second.* Upon any process issued on any final judgment of a court of competent jurisdiction."

Circuit courts may acquire jurisdiction in the manner provided in bastardy proceedings. It is conceded that under some circumstances an order of commitment may be made in such cases. It follows that unless it affirmatively appears upon the face of the record in the bastardy proceeding, that the Elkhart Circuit Court did not have jurisdiction of the subject-matter, or of the person of the defendant, the order of commitment was not void for want of jurisdiction, and if not thus void, the legality of the judgment or process under which the appellant was committed can not be inquired into in this collateral proceeding.

It is affirmatively shown by both the petition and the return in this record, that the proceedings in the bastardy suit, and the defendant, were regularly before the circuit court at the time the judgment was given. It thus appears that the court had competent jurisdiction under the law to pronounce the very judgment given, and even if it were conceded that it was erroneously given in that particular case, such error could only be corrected on appeal. *Smith* v. *Hess*, 91 Ind. 424; *Lucas* v. *Hawkins*, 102 Ind. 64; *Willis* v. *Bayles, post,* p. 363; *Lowery* v. *Howard,* 103 Ind. 440; Church Habeas Corpus, section 267. The order of commitment was, however, not erroneous.

The argument is that because a bond was waived when the

cause was continued from term to term in the circuit court, and the defendant was not in custody, and had not escaped, but appeared at the trial without compulsion, or voluntarily, the court had no power to make the order in question.

The fallacy of the argument lies in disregarding the distinction between actual custody or personal restraint, and constructive or legal custody.

Assuming that all the facts relied on appeared upon the face of the record in the bastardy proceeding, the order of the court was nevertheless correct.

In contemplation of law a defendant in a bastardy proceeding has either not been arrested, has escaped after arrest, is in actual custody, or under bond for his appearance. If under bond, he is in the custody of his bail, and none the less *in custodia legis.* *Turner* v. *Wilson,* 49 Ind. 581; *State* v. *Rowe,* 103 Ind. 118.

It is not necessary that he shall be in actual custody of the sheriff in order that a judgment of committal may be rendered against him.

An examination of the statute will disclose that from the inception of the proceeding until the final order of the court is complied with, the law contemplates that the defendant shall be and remain in the custody of an officer or under bail. This is to the end that any judgment which may finally be rendered against him may be secured, and society protected from the burden of maintaining his spurious offspring. "A person arrested by law, and put in the custody of the law, remains in custody, either actually or potentially, until he is discharged according to law." *Turner* v. *Wilson, supra.*

That the appellant had been let to bail, and that the taking of a new bond had been waived, whatever effect it may have had upon his bondsmen, did not have the effect to release him from the custody of the law. Under section 989 it became the duty of the clerk, if he was not under bond or in actual custody, to issue a warrant to the sheriff, requiring him to take the defendant into his custody or take a new bond.

That this was not done, however, did not discharge the defendant from legal custody, and that he voluntarily appeared, and was present at the trial without compulsion, neither changed his situation nor affected the jurisdiction of the court over him. *Lower* v. *Wallick*, 25 Ind. 68. He was in court subject to its jurisdiction, and in the custody of the law. If he had failed to appear, then, under the ruling in *Lucas* v. *Hawkins*, *supra*, the cause might have proceeded precisely as if he had been present. Whether a judgment could be taken under the provisions of section 986 against one who had not been arrested or otherwise notified of the proceeding, is not involved nor made a question in this case.

That the relatrix agreed to waive a bond and rely on the personal responsibility of the defendant, was of no moment. She could waive nothing which the law required. The proceeding was not for her benefit. The money to be secured was for the support of the illegitimate child. *Ex Parte Haase*, 50 Ind. 149.

The inability of the appellant to procure replevin bail, and the fact that he was without means to pay the judgment, are equally unavailing. *Reynolds* v. *Lamount*, 45 Ind. 308; *Ex Parte Teague*, 41 Ind. 278.

There is no error in the record. The judgment is affirmed, with costs.

Filed Feb. 20, 1886; petition for a rehearing overruled March 13, 1886.